In Re: Correction of Official Records With Civil Action. Energy Explorations, Appellant.
(2 Cases)

Argued March 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, CRAIG and MACPHAIL. Judges BLATT and DISALLE did not participate.

512

*William Rodgers, Jr.,* and *Scott W. Naus,* with them, *G. Daniel Carney,* and *Thorp, Reed & Armstrong,* for appellant.

*Robert W. Buehner,* with him *F. Porter Wagner, John M. Kuchka,* and *Kuchka & Irey,* for appellee.

OPINION BY JUDGE CRAIG, July 30, 1979:

These are consolidated appeals from orders of court in Columbia and Montour counties directing the Recorder of Deeds for those counties to remove from the public records and from the grantor-grantee indices the recording of hundreds of oil and gas leases executed by various grantors in favor of appellant, Energy Explorations. The reason given for striking these recordings was allegedly improper notarization.

We need not go beyond the manner in which this action was commenced to decide this case.

In each action, the recorder of deeds of the respective county commenced the proceedings by filing a petition and a rule to show cause. The rules and attached petitions were mailed to appellant's business address in Ohio.

Pennsylvania Rule of Civil Procedure (Pa. R.C.P.) No. 1007 (also made applicable in equity by Pa. R.C.P. No. 1507) provides that an action may be commenced

by filing a praecipe for a writ of summons, a complaint or an amicable action.

Our practice generally does not provide for the commencement of an action by petition and rule. *Hartman v. Peterson*, 438 Pa. 291, 265 A.2d 127 (1970). The only exceptions are:

> Proceedings by rule may be had only where authorized by statute [citation omitted]; or as auxiliary for the facilitation of jurisdiction already had [citation omitted]; or as a means of correcting a court's own records [citation omitted].

*Butler Area Sewer Authority v. Northwest Sanitary Sewer System Authority*, 3 Pa. Commonwealth Ct. 76, 84, 281 A.2d 87, 91 (1971).

Appellees point to no statutory authorization for the use of the petition and rule in this case. The rule and petition clearly functioned as original process because there existed no pending action to which the petition could be considered auxiliary. *See Wm. Garlick & Sons v. Lambert*, 446 Pa. 323, 287 A.2d 143 (1972).

In *Albright v. B. G. Development Company, Inc.*, 64 Pa. D. & C. 2d 595 (1973), cited by appellees, the court merely determined that it had jurisdiction to entertain an action to correct errors of substance in the Recorder of Deeds office. The propriety of the manner in which the action was commenced was not challenged.

The exception to the general unavailability of a petition and rule to commence proceedings found in *Petition of Pennsylvania Crime Commission*, 446 Pa. 152, 285 A.2d 494 (1971) resulted from implied statutory authorization for court proceedings as an auxiliary aid to the commission's investigatory powers.

Citing *Delco Ice Mfg. Co. v. Frick Co., Inc.*, 318 Pa. 337, 178 A. 135 (1935), appellees argue that the use of

the petition and rule in this case can be viewed as auxiliary to the court's duty to correct its own records and therefore within a nonstatutory extraordinary exception to the usual procedure.

However, the *Delco Ice Mfg. Co.* case dealt with conditional sales contracts "filed" in the prothonotary's office and expressly rested on the grounds that papers filed in the prothonotary's office are records of a "quasi judicial character." 318 Pa. at 341, 178 A. at 137. That case noted a distinction between judicial records and "a record made pursuant to a statute in the office of the recorder of deeds for the purpose of giving constructive notice." 318 Pa. at 340, 178 A. at 137.

This case involves precisely the latter type of record and accordingly the exception allowing the use of a petition and rule to commence an action for correction of judicial records does not apply.

Therefore, because the commencement of this action was improper under Pa. R.C.P. No. 1007, the court below had no power to act whatsoever, and there was no jurisdiction established over appellant. *Hartman v. Peterson, supra.*

The proceeding below was a nullity. We must remand for dismissal of the proceeding.

ORDER

AND Now, this 30th day of July, 1979, the order of the Court of Common Pleas of Montour County, dated March 30, 1978, granting the petition of the Recorder of Deeds to remove the leases granted to Energy Explorations from the records is reversed, and this matter is remanded for dismissal of these proceedings.

ORDER

AND Now, this 30th day of July, 1979, the order of the Court of Common Pleas of Columbia County,

dated March 3, 1978, granting the petition of the Recorder of Deeds to remove the leases granted to Energy Explorations from the records is reversed, and this matter is remanded for dismissal of these proceedings.