J-A24004-17

2017 Pa Super 377

| IN RE: G.J.K. & SONS, LLC AND SOUTH OAKVIEW HOMEOWNERS ASSOCIATION (BOOK 468, PAGE 2088) | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: G.J.K. & SONS, LLC | No. 1731 WDA 2016 |

Appeal from the Order Entered October 6, 2016
In the Court of Common Pleas of Greene County
Civil Division at No(s): 491 AD 2014

BEFORE: MOULTON, J., SOLANO, J., and MUSMANNO, J.

OPINION BY MOULTON, J.: FILED December 1, 2017

G.J.K. & Sons, LLC ("GJK") appeals from the October 6, 2016 order of the Greene County Court of Common Pleas granting Willard Hetrick's "Motion to Remove Deed from Record." While we understand the trial court's interest in removing a purportedly fraudulent deed from the records of the Greene County Recorder of Deeds, we conclude that the court lacked jurisdiction to take such action. Accordingly, we are constrained to vacate the trial court's order and remand for the dismissal of the proceedings.

The trial court set forth the factual and procedural history of this matter as follows:

> [GJK is] a developer of ten to fifteen residential building lots known as "South Oakview" in Franklin Township, Greene County. On each lot has been built a home. No formal lot "Plan" was approved by either the Franklin

Township or the Greene County Planning Commissions. [GJK] sold lots one at a time until their final tract was the one serving the access road, and at issue. Because this road does not meet the required engineering standards, Franklin Township never "accepted" this "Final Tract" and it has not been dedicated as a public road. It is paved and suffering from creeping neglect. . . .

Willard Hetrick, a resident of a house built on a South Oakview lot . . . had a General Warranty Deed prepared, and on May 12, 2014, recorded it in the Greene County Office of Recorder of Deeds. On its face, the Deed appears to transfer ownership of this "Final Tract" roadway from [GJK] to the "South Oakview Homeowner's Association ["Association")]." However, the [Association] is a compete fiction. It does not exist.

On June 30, 2014, on behalf of lot owner Willard Hetrick, an attorney presented a "Motion to Strike Recorded Deed" to then President Judge William R. Nalitz, who soon retired without taking any formal action.[1] Later, as a new President Judge, this Court received a "Letter of Inquiry" from a second lot owner, Lenora Swiger, regarding the status of the "Hetrick Petition" of which until then, we were unaware. We directed the Swiger "Letter of Inquiry" be docketed to the miscellaneous records of the Prothonotary as a pro se "Motion" to consider Willard Hetrick's "Petition["] seeking to have the Deed administratively removed from the docket . . . .

No one disputes that [the Association] does not exist, but that may not have been obvious to the clerks of the Office of Recorder of Deeds.

On June 23, 2016, [GJK] submitted a Brief to this Court arguing that because no action had been initiated by a Complaint, or Writ of Summons, this Court's consideration of the matter was in violation of [the] Pennsylvania Rules of Civil Procedure, and should be dismissed. . . .

_____

[1] Hetrick's motion was actually titled, "Motion to Remove Deed from Record," which was marked "refused" by Judge Nalitz. See Trial Ct. Dkt. at 1.

On June 28[], 2016, this Court held an informal hearing . . . on the record for the purpose of bringing together all those who may have an interest in the "Swiger Letter," and the "Het[]rick Petition." Given notice were the South Oakview lot owners, Franklin Township officials, and Greene County Officials, and [GJK]. This Court heard statements from several who attended, including Counsel, and we decided to continue the matter so as to provide all parties ample time to attempt to mediate a resolution of the circumstance.

On October 3, 2016, this Court held a Status Conference with Counsel for [GJK], Franklin Township, and the County of Greene. Recognizing that no progress had been made, [GJK] renewed its Motion to Dismiss, which we granted.

On October 6, 2016, by Order, we also directed the Recorder of Deeds to "strike" the Deed in question from the recorded instruments docket, recognizing that the Deed should never have been allowed to be recorded, in that it failed to meet statutory requirements.

Opinion Pursuant to 1925, 1/12/17, at 2-3 (unpaginated) ("1925(a) Op.").

In his Pennsylvania Rule of Appellate Procedure 1925(a) opinion, President Judge Farley Toothman stated that he granted GJK's motion to dismiss because "a civil action must be commenced by the filing of a Praecipe for a Writ of Summons, or a Complaint, and because neither was filed," the trial court "erred in allowing the dispute to proceed." Id. at 4. Judge Toothman nevertheless determined that, as the president judge, he was authorized to strike the defective deed due to his "obligation, and privilege, to promote confidence in recorded records." Id. at 6. On November 7, 2016, GJK timely appealed to this Court.

GJK raises the following issues on appeal:

- 3 -

1. Whether an action can be commenced in Pennsylvania by filing a "Motion to Remove Deed" as opposed to filing a praecipe for a writ of summons, a complaint, or an agreement for an amicable action?

2. Whether findings of fact and/or conclusions of law in proceedings in an action commenced by means other than the filing of a praecipe for a writ of summons, a complaint, or an agreement for an amicable action are legally valid?

3. Whether the Honorable Farley Toothman, President Judge of Greene County, exceeded his authority in striking the Deed in order to "maintain the integrity of the docket of the Recorder of Deeds" of Greene County in the absence of a properly commenced action?

4. Whether the trial court reached factual findings and legal conclusions in its "Opinion Pursuant to [Rule] 1925" that deprived [GJK] of its right to due process?

GJK's Br. at 5-6 (trial court answers omitted).

GJK first asserts that because this action was not properly commenced under the Pennsylvania Rules of Civil Procedure, the trial court lacked jurisdiction to take any action in the matter. We agree.

Pennsylvania Rule of Civil Procedure 1007 provides that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." Pa.R.C.P. 1007; see also Pa.R.C.P. 1063 (stating that action to quiet title shall be commenced by filing of complaint with prothonotary);[2] Pa.R.C.P. 1061(b)(2), (3) (providing that quiet title

_____

[2] Rule 1063 was amended on June 27, 2017, and became effective on October 1, 2017. The new rule permits a quiet title action to be commenced only by complaint and no longer allows such an action to be commenced by agreement for an amicable action. See Pa.R.C.P. 1063 Explanatory Cmt.

action may be brought to determine validity of "deed affecting any right, lien, title or interest in land" or to "compel an adverse party to . . . cancel . . . any deed").

Here, Hetrick commenced this action by filing with the trial court a "Motion to Remove Deed from Record."[3]   As our Supreme Court has recognized, however, "[n]owhere do the rules [of civil procedure] provide for commencing an action by a petition."  Hartmann v. Peterson, 265 A.2d 127, 128 (Pa. 1970).  "With no complaint, summons or amicable agreement to bring [an] action within the power to act of the court below, [the court] has no power to make any order whatsoever, including an order allowing the filing of a complaint nunc pro tunc."  Id.; see also In re Casale, 517 A.2d 1260, 1263 (Pa. 1986) ("[A]n action brought by petition and rule, neither authorized by statute nor auxiliary to jurisdiction already obtained and not designed to correct the court's own records, is a nullity and confers no jurisdiction on the court.") (footnote omitted); Wm. Garlick & Sons, Inc. v. Lambert, 287 A.2d 143, 144 (Pa. 1972) (stating that "a petition is only permitted where it is ancillary to an already pending action").  Here, the trial court dismissed the action as not properly commenced, but then ordered that the deed be stricken despite the absence of a properly commenced action.  Because the trial court lacked jurisdiction, we conclude that its order was a nullity.  Accord In re

---

[3] Notably, Hetrick filed this motion not with the prothonotary, but with then-President Judge Nalitz, who correctly refused the motion as procedurally improper.  The prothonotary docketed both the motion and the refusal order on June 30, 2014.

Corr. of Official Records with Civ. Action, 404 A.2d 741, 742-43 (Pa.Cmwlth. 1979) (en banc) (reversing trial court order directing recorder of deeds to remove oil and gas leases from public records, where trial court lacked jurisdiction because suit was improperly commenced by petition and rule).

In his Rule 1925(a) opinion, Judge Toothman contended that despite the lack of a properly commenced civil action, he was authorized to strike the deed from the record under section 325(e) of the Judicial Code, 42 Pa.C.S. § 325(e). We disagree.

Section 325(e) provides:

(e) Powers of the president judge.—Except as otherwise provided or prescribed by this title, by general rule or by order of the governing authority, the president judge of a court shall:

(1) Be the executive and administrative head of the court, supervise the judicial business of the court, promulgate all administrative rules and regulations, make all judicial assignments, and assign and reassign among the personnel of the court available chambers and all physical facilities.

(2) Exercise the powers of the court under section 2301(a)(2) (relating to appointment of personnel).

42 Pa.C.S. § 325(e). The plain language of section 325(e) authorizes the president judge to regulate and oversee the business and operation of the common pleas court and court personnel. It does not mention non-judicial county offices such as the recorder of deeds. See 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is

not to be disregarded under the pretext of pursuing its spirit."). Contrary to Judge Toothman's conclusion, nothing in the language of section 325(e) authorizes the president judge to ensure the accuracy of instruments recorded with the recorder of deeds absent a properly commenced legal action.

We recognize a trial court has the inherent power to correct mistakes in its own records. See Davis v. Cmwlth. Trust Co., 7 A.2d 3, 5 (Pa. 1939). However, documents recorded with the recorder of deeds are distinct from judicial records filed with the prothonotary. See Delco Ice Mfg. Co. v. Frick Co., 178 A. 135, 137 (Pa. 1935) ("Judicial records have been defined as those associated with the progress of litigated cases. . . . [W]e have distinguished between a judicial record and a record made pursuant to a statute in the office of the recorder of deeds for the purpose of giving constructive notice."); Corr. of Official Records, 404 A.2d at 743 (recognizing that although trial court has inherent ability to correct its own records, that power does not extend to instruments recorded with recorder of deeds). Accordingly, we conclude that the trial court lacked authority to strike the purportedly defective deed from the record.[4]

_____

[4] The Greene County Planning Commission ("Commission"), a participant in both the proceedings below and this appeal, raised in its brief some of the concerns that undoubtedly led President Judge Toothman to take the action he did:

> [I]t is now a foregone conclusion that the Deed in question is fraudulent, and the conveyance of this land which makes up the development's road system should not be reinstated

Order vacated. Case remanded for dismissal of the proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017

---

> and further mislead any party who may rely on it. Moreover, once a Deed is filed, the public is entitled to rely upon the accuracy of that Deed. Here, where the parties knowingly and willfully prepared and filed a fraudulent Deed, the purpose of the recording statutes is defeated. Not only that, the public's confidence in the accuracy of the Recorder of Deed's office is undermined.
>
> . . . The Trial Court's decision to strike the fraudulent Deed from [the] record . . . protects any subsequent purchasers of this land who, if the Deed is restored to the Recorder of Deeds, will in essence attempt to purchase land from an entity that does not exist. Additionally, and more to the point, a litigant will find it difficult if not impossible to impose liability on a fictional association for the undeveloped road within this development.

Commission's Br. at 11.

We make no determination concerning the accuracy of these representations, largely because the proceedings that might support the factual claims were a nullity. Nevertheless, we note that GJK does not contend that an interested homeowner, or indeed a county or municipal entity, could not file a proper action giving the trial court jurisdiction to adjudicate the legitimacy of the deed. Nor do we express any view as to whether the Greene County Recorder of Deeds could take appropriate corrective action in the absence of litigation.