J-A11034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL J. ROGAN, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEISINGER CLINIC D/B/A GEISINGER MEDICAL GROUP | |
| Appellant | No. 1551 MDA 2018 |

Appeal from the Order Dated September 13, 2018
In the Court of Common Pleas of Lackawanna County
Civil Division at No: 2018-CV-4760

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MAY 29, 2019**

Appellant, Geisinger Clinic d/b/a Geisinger Medical Group ("Geisinger"), appeals from an order granting the motion of Appellee, Michael J. Rogan, M.D. ("Rogan"), for special relief under Pa.R.C.P. 1531.  We vacate the order granting relief and remand for further proceedings.

On September 12, 2018, Rogan filed a motion for special injunctive relief in the trial court and transmitted a copy of the motion to counsel for Geisinger. Rogan had not filed a complaint, but rather commenced this action with the filing of a writ of summons.

In his motion, Rogan alleged the following:  Rogan is a board-certified physician in internal medicine, pediatrics, and child abuse pediatrics, and he has worked for Geisinger for 29 years.  Under the terms of a 1990 practice agreement between Rogan and Geisinger, Rogan could not practice medicine

within 25 miles of Geisinger's facility for two years after termination of his employment. On July 11, 2018, Rogan reported to Geisinger his concern that exam rooms at Geisinger's facility were contaminated. Two days later, on July 13, 2018, Geisinger terminated Rogan's employment. Rogan appealed internally, but on July 29, 2018, Geisinger upheld its termination decision. Rogan's motion requested the court to (1) schedule a hearing on Rogan's request for permanent injunctive relief under Pa.R.C.P. 1531; (2) declare the 25-mile restriction in his practice agreement unenforceable; (3) enjoin Geisinger from interfering with Rogan's relationship with his patients by "misleading and requiring" patients to select a new physician at Geisinger; and (4) order Geisinger to provide him his patients' contact information so that he could contact them directly. Motion, Prayer for Relief, 9/12/18, at 14.

On September 13, 2018, one day after Rogan filed his motion, the court held oral argument but did not take evidence from the parties. On the same date, the court ordered that:

1. [Geisinger] should refrain from interfering in the physician/patient relationship between [Rogan] and his existing patients as of July 13, 2018;

2. [Geisinger] is directed to provide [Rogan] with a list of patients being treated by [Rogan] as of July 13, 2018 together with each patient's current contact information, within seven (7) days of the date of this Order;

3. [Geisinger] should use as a starting point the list of those patients whom it contacted regarding [Rogan's] employment status subsequent to July 13, 2018; [and]

> 4. A hearing on [Rogan's] Petition for Special Injunctive Relief shall be held on Friday, October 19, 2018[.]

Order, 7/13/18. The court did not order Rogan to post a bond. On September 18, 2018, Geisinger appealed to this Court.

During the pendency of this appeal, Geisinger ruled Rogan to file a complaint. Rogan filed a motion to strike the rule and to direct Geisinger to produce pre-complaint discovery. In an order sent to the parties on May 6, 2019, the trial court granted Rogan's motion to strike the rule; directed Geisinger to produce pre-complaint discovery within twenty days; and directed Rogan to file a complaint within twenty days after receiving all pre-complaint discovery.

In this appeal, Geisinger argues that the trial court erred in granting injunctive relief because (1) Rogan did not file a complaint; (2) Rogan did not post a bond; (3) the trial court failed to grant Geisinger's motion for recusal following disclosure of the fact that the court's spouse is Rogan's patient; and (4) Geisinger did not have the opportunity to present evidence in opposition to Rogan's motion. We agree with Geisinger's first, second and fourth arguments.[1]

To obtain a preliminary injunction,

> there are six "essential prerequisites" that a party must establish[.] The party must show: 1) that the injunction is

---

[1] Geisinger's third argument seeking recusal is moot because of our disposition of the other arguments and because the judge who issued the September 13, 2018 order subsequently recused himself.

necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; 2) that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings; 3) that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; 4) that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; 5) that the injunction it seeks is reasonably suited to abate the offending activity; and, 6) that a preliminary injunction will not adversely affect the public interest. The burden is on the party who requested preliminary injunctive relief[.]

*Synthes USA Sales, LLC v. Harrison*, 83 A.3d 242, 249 (Pa. Super. 2013) (citation omitted). The moving party's burdens at the preliminary injunction stage

track the burdens at trial[.] To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. Whether success is likely requires examination of legal principles controlling the claim and potential defenses available to the opposing party.

*Id.* at 249 n.4 (citations omitted). "Extensive fact-finding" is necessary in order for the moving party to establish it is likely to prevail on the merits. *Id.* at 249.

In addition, a petition for injunctive relief is effective only "where it is ancillary to an already pending action," *i.e.*, only when a complaint has been filed. *In Re G.J.K. & Sons, LLC*, 175 A.3d 1033, 1036 (Pa. Super. 2017) (citing *Wm. Garlick & Sons, Inc. v. Lambert*, 287 A.2d 143, 144 (Pa. 1972)). Finally, to obtain a preliminary or special injunction, the moving

party must post a bond with the prothonotary "in an amount fixed and with security approved by the court." Pa.R.C.P. 1531(b)(1). The bond requirement "is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff." **Walter v. Stacy**, 837 A.2d 1205, 1208 (Pa. Super. 2003).

Before proceeding further, we note our disagreement with the court's contention that it did not actually grant preliminary injunctive relief. The court claimed that it merely scheduled a subsequent hearing on the merits and "directed the parties to share information in a collaborative vein," a subject it viewed as "tangential" to the issue of whether Geisinger properly terminated Rogan. Opinion, 10/24/18, at 2. Comparison of Rogan's motion with the September 13, 2018 order demonstrates that the trial court granted three of the four forms of relief requested in Rogan's motion, including a prohibition against interfering with Rogan's relationship with his existing patients and a directive to provide Rogan with his patients' contact information. These clearly are forms of injunctive relief on central issues in this case, not merely instructions to "collaborate" on "tangential" matters.

Turning to the merits, the injunction entered by the court is defective for at least three reasons. First, Rogan has not filed a complaint, but instead is in the course of obtaining pre-complaint discovery from Geisinger. Without a complaint, there is no way to assess the causes of action that Rogan intends to prove, or examine whether he alleges sufficient facts to prove each element

of his action(s). This in turn prevents reasoned evaluation of whether Rogan is likely to prevail on the merits. **Synthes**, 83 A.3d at 249. Second, the trial court did not conduct any fact-finding, let alone the "extensive fact-finding" called for under **Synthes**. **Id.** Before entering the injunction, the trial court merely held oral argument with counsel for the parties. Third, the court failed to order Rogan to post a bond, a mandatory requisite for preliminary injunctive relief under Rule 1531(b).

Accordingly, we must vacate the trial court's order and remand for further proceedings. On remand, we direct the trial court expeditiously to hold the evidentiary hearing called for under **Synthes** if Rogan still seeks special relief. The court, however, shall not hold this hearing until Rogan has filed his complaint. If the court awards injunctive relief following the hearing, it shall order Rogan to post a bond in accordance with Rule 1531(b).

Order vacated. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/2019

- 6 -