IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: :
:
A Condemnation Proceeding In Rem by :
the Redevelopment Authority of the City :
of Philadelphia for the Purpose of : No. 1071 C.D. 2019
Redevelopment of North Philadelphia : Argued: June 8, 2020
Redevelopment Area, Model Cities Urban :
Renewal Area, Condemnation No. 31L :
Including Certain Land Improvements and :
Properties :
:
Appeal of: Hussein Mansour :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                 FILED: January 6, 2021


        Hussein Mansour (Appellant) appeals the order of the Philadelphia
County Court of Common Pleas (trial court) granting the Philadelphia
Redevelopment Authority's (Authority) Motion to Strike Deeds (Motion), and
directing that:  (1) the July 31, 2006 deed from Philadelphia County (County)
Sheriff John D. Green (Sheriff) as grantor to Maya Elkhansa (Elkhansa) and Nawal
Mansour (N. Mansour) as grantees, recorded in the City of Philadelphia's (City)
Department of Records on August 25, 2006, as Document ID #51516769, be

_____
        [1]The decision in this case was reached prior to January 4, 2021, when Judge Brobson
became President Judge.

stricken; (2) the April 15, 2011 deed from N. Mansour, by Appellant as her attorney-in-fact, and Elkhansa as grantors to Appellant as grantee, recorded in the City's Department of Records on May 18, 2011, as Document ID #52348550, be stricken; and (3) the County's Recorder of Deeds shall record the trial court's order, along with the legal description of the property located at 1907-15 Ridge Avenue, as evidence that the Authority is the owner of that property. We reverse and remand.

On August 11, 2005, the Authority filed in the trial court a Declaration of Taking, pursuant to its authority under Sections 9(i) and 12 of the Urban Redevelopment Law,[2] with respect to property identified, *inter alia*, as

---

[2] Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§1709(i), 1712. Section 9(i) states, in relevant part:

> [The] Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof, which powers shall include all powers necessary or appropriate to carry out and effectuate the purposes and provisions of this act, including the following powers in addition to those herein otherwise granted:
>
> * * *
>
>  (i) To acquire by eminent domain any real property, including improvements and fixtures for the public purposes set forth in this act, in the manner hereinafter provided[.]

In turn, Section 12 states, in relevant part, that "[t]itle to any property acquired by [the] Authority through eminent domain shall be an absolute or fee simple title, unless a lesser title shall be designated in the eminent domain proceedings," and that "[t]he Authority may exercise the right of eminent domain in the manner provided by law for the exercise of such right by cities or counties, as the case may be, of the same class as the city or county in which such Authority is organized to operate." 35 P.S. §1712.

2

1901-21 Ridge Avenue in the City. Reproduced Record (R.R.) at 40a-47a.[3] That same day, the Authority recorded a Notice of Condemnation with the County Recorder of Deeds in the City's Department of Records pursuant to former Section 404 of the former Eminent Domain Code,[4] upon its condemnation of the property identified in the Declaration of Taking. *Id.* at 51a-57a. The owner of a portion of

---

[3] The former Section 402(a) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, *formerly* 26 P.S. §1-402(a), repealed by the Act of May 4, 2006, P.L. 112, provided, in pertinent part:

> (a) Condemnation, under the power of condemnation given by law to a condemnor, which shall not be enlarged or diminished hereby, shall be effected only by the filing in court of a declaration of taking, . . . and thereupon the title which the condemnor acquires in the property condemned shall pass to the condemnor on the date of such filing, and the condemnor shall be entitled to possession as provided in section 407.

[4] Former Section 404 of the former Eminent Domain Code stated, in relevant part:

> The condemnor, upon filing its declaration of taking, shall on the same day lodge for record a notice thereof in the office of the recorder of deeds of the county in which the property is located. . . . The notice shall specify the court term and number of the declaration of taking and the date it was filed, and shall contain a description or plan of the property condemned sufficient for the identification thereof and the names of the owners of the property interests condemned, as reasonably known to the condemnor, and shall be indexed in the deed indices showing the condemnee set forth in the notice as grantor and the condemnor as grantee. . . . Upon the notice being assigned a book and page number by the recorder of deeds the condemnor shall file with the prothonotary under the caption of the declaration of taking a memorandum of the book and page number in which the notice is recorded.

*Formerly* 26 P.S. §1-404 (repealed).

3

the condemned property, the property located at 1901-15 Ridge Avenue, at the time of condemnation was JIWI Rental Association, Inc. (JIWI). *Id.* at 56a.

On September 29, 2005, the City's Office of Property Assessment and Wachovia Bank, N.A. (Wachovia) filed a tax lien action in the trial court under the statute popularly known as the Municipal Claims and Tax Liens Act (Liens Act)[5] to collect unpaid real estate taxes on a portion of condemned property formerly owned by JIWI, the property located at 1907-15 Ridge Avenue. R.R. at 23a-26a. On March 9, 2006, a writ of execution was entered in the matter. *Id.* at 69a.

On June 13, 2006, the property located at 1907-15 Ridge Avenue was sold by the Sheriff to Elkhansa and N. Mansour at a tax sale for $120,000.00. R.R. at 25a-26a. On July 31, 2006, the Sheriff executed a deed conveying that property from JIWI to Elkhansa and N. Mansour. *Id.* at 59a-62a. On August 25, 2006, the Sheriff's deed was recorded with the County Recorder of Deeds in the City's

---

[5] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455. Section 31.2(a) of the Liens Act, added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. §7382(a), states, in pertinent part:

> (a) In . . . cities of the first class, whenever a claimant has filed its tax or municipal claim in accordance with the requirements of this act, it may file its petition in the court in which the proceeding is pending, setting forth the facts necessary to show the right to sell, together with searches or a title insurance policy, showing the state of record and the ownership of the property, and of all tax and municipal claims, mortgages, ground rents or other charges on, or estates in, the land, as shown by the official records of the city . . . and thereupon the court shall grant a rule upon all parties thus shown to be interested, to appear and show cause why a decree should not be made that the property be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates. . . .

4

Department of Records as Document ID #51516769. *Id.* at 59a.[6] The Authority was not a party in the tax lien action and was not served with any of the court filings related thereto. *Id.* at 129a, 137a, 138a, 140a. Nevertheless, the City's Board of Revision of Taxes recognized Elkhansa and N. Mansour as the record owners of the property at 1907-15 Ridge Avenue. *Id.* at 75a.

On November 3, 2006, Elkhansa and N. Mansour were notified by an adjacent property owner that title to the property at 1907-15 Ridge Avenue was not vested in Wachovia, but was vested in the Authority. R.R. at 69a. Counsel for Elkhansa and N. Mansour subsequently contacted the Authority and the Authority confirmed that it claimed title to the property as of August 11, 2005. *Id.* As a result, counsel for Elkhansa and N. Mansour filed a writ of summons regarding title to the property and sent the Authority a letter regarding their claim to title to the property. *Id.* at 69a-70a. On February 3, 2010, counsel filed a praecipe to discontinue Elkhansa's and N. Mansour's action regarding their claim to title to the property.

By deed dated April 25, 2011, Elkhansa and N. Mansour, by Appellant as her attorney-in-fact, conveyed title to the property to Appellant for $190,000.00. R.R. at 83a-87a. On May 18, 2011, the deed was recorded in the City's Department of Records as Document ID #52348550. *Id.* at 83a.[7]

By March 5, 2015 order, the trial court granted the Authority's Petition for Leave to Pay Estimated Just Compensation into Court, and $50,000.00

---

[6] The documents relating to the tax sale were only kept for seven years in the normal course of business and no longer exist. R.R. at 139a-140a.

[7] It should be noted that the City's Office of Property Assessment listed Appellant as the property owner from April 14, 2011, until July 7, 2019. *See* https://property-beta.phila.gov/#/?address=1907-15%20RIDGE%20AVE (last visited January 5, 2021).

was paid for the premises at 1901-15 Ridge Avenue "to the Prothonotary to hold for the use of the person or persons entitled thereto in the above-captioned proceedings[.]" Trial Court 3/5/15 Order at 1-2. The trial court's order also directed that it "is entered without prejudice to any party in interest to petition for the Appointment of a Board of Viewers pursuant to the Eminent Domain Code[, 26 Pa. C.S. §§101 – 1106.]" *Id.* at 1. On June 1, 2015, the trial court's Prothonotary issued a Receipt for Deposit of Escrow – *Custodia Legis Funds*, which acknowledged the Authority's deposit of the funds pursuant to the trial court's order.

On June 24, 2016, the Authority, the administratrix of the estate of JIWI's former president, and JIWI's then-president executed a Stipulation, which states, in relevant part:

> 6. Just Compensation for the acquisition of the Property in the amount of Fifty Thousand ($50,000.00) Dollars was paid to the Prothonotary of the [trial court], specifically in connection with the condemnation of the [p]roperty, to hold same for the use of the person or persons entitled thereto, by virtue of the Order of the [trial court], dated March 5, 2015.
>
> 7. The balance of the estimated just compensation remaining in court paid in connection with the condemnation of 1901-15 Ridge Avenue, Philadelphia, PA shall be paid to **ADVANTAGE ABSTRACT, INC.**, so that distribution may be made thereupon to the person or persons entitled thereto in accordance with Section 521 of the Eminent Domain Code. *See* 26 Pa. C.S.[] §521.[8]

---

[8] Section 521(b) of the Eminent Domain Code states:

**(b) Distribution of damages.--**

**(Footnote continued on next page…)**

6/24/16 Stipulation at 2 (emphasis in original).

On June 28, 2016, the trial court issued an order stating:

> [I]n accordance with the foregoing Stipulation, the Prothonotary is directed to pay the balance remaining in court for the property located at 1901-15 Ridge Avenue, Philadelphia, PA to **ADVANTAGE ABSTRACT, INC.**, without commission or fees being deductible therefrom for distribution to the person or persons entitled thereto.

Trial Court 6/28/16 Order (emphasis in original).

On July 28, 2016, the Authority, the administratrix of the estate of JIWI's former president, and JIWI's then-president executed a Stipulation of Payment of Condemnation Damages, which states:

> This Stipulation is entered . . . by and between Ryan D. Harmon, attorney for the [Authority], and

---

**(continued…)**

> (1) The condemnor shall distribute the damages properly. If the condemnor is unable to determine proper distribution of the damages, it may, without payment into court, petition the court to distribute the damages and shall furnish the court with a schedule of proposed distribution.
>
> (2) Notice of the filing of the petition and schedule of proposed distribution shall be given to all condemnees, mortgagees, judgment creditors and other lienholders, as shown in the proposed schedule, in any manner as the court may direct by general rule or special order.
>
> (3) The court may hear the matter or may appoint a master to hear and report or may order any issue tried by the court and jury as may appear proper under all the circumstances.
>
> (4) The court shall then enter an order of distribution of the fund.

26 Pa. C.S. §521(b).

7

[JIWI], the former owner of premises 1901-15 Ridge Avenue (the "Premises").

It is hereby stipulated and agreed that:
1. The Authority condemned the Premises pursuant to the Declaration of Taking filed as of the above court term and number.

2. The Authority made payment in the amount of Forty-Six Thousand Six Hundred Ninety-Four Dollars and Eighty-Seven Cents ($46,694.87), the balance remaining from the $50,000 payment into Court, plus delay damages in the amount of Eighteen Thousand Six Hundred Sixty-One Dollars and Fifty-One Cents ($18,661.54) [sic] to [JIWI], the former owner of the Premises in **full satisfaction** of such former owner's condemnation claims.

R.R. at 27a-28a (emphasis in original).

On March 3, 2019, the Authority filed the instant Motion to strike the deeds of Appellant, N. Mansour, and Elkhansa in the trial court under the docket number and caption of the foregoing former Eminent Domain Code action. The Authority and Appellant entered into a Stipulation in which they "stipulate[d] and agree[d] to the entry of the proposed Consent Order submitted herewith." 4/3/19 Stipulation. In turn, the trial court issued an April 5, 2019 Consent Order, which states, in relevant part, that "[Appellant] is JOINED in this action as an Intervening party." Trial Court 4/5/19 Consent Order.

On June 13, 2019, following argument on the Motion, but without taking any evidence, the trial court issued an order granting the Motion striking Elkhansa's, N. Mansour's, and Appellant's deeds, and directing the filing of the

8

order as proof of the Authority's title to the property. Trial Court 6/13/19 Order. Appellant then filed this appeal.[9]

On appeal, Appellant raises a number of issues regarding the trial court's purported error in granting the Authority's Motion. Notwithstanding, we are constrained to reverse the trial court's order on the basis that it was without jurisdiction in the first instance to determine Appellant's title to the property via the Authority's Motion that was filed under the caption and docket number of the former Eminent Domain Code proceedings.[10]

As outlined above, neither Appellant nor his predecessors in title were ever a party to, and never participated in, the eminent domain proceedings involving the condemnation of the property formerly owned by JIWI located at 1901-15 Ridge Avenue. The mere filing of a motion to intervene, after full and complete satisfaction of all just compensation was made to the record owner, JIWI, was not sufficient to confer intervenor status upon Appellant or his predecessors in title in those eminent domain proceedings. *See, e.g.*, *Appeal of Gottlieb*, 63 A.2d 42, 43 (Pa. 1949) ("It is obvious that petitioner's request for leave to intervene is hopelessly belated inasmuch as the taking of the land in question occurred nearly twenty years ago and the owner finally withdrew his claim more than nine years ago. If there is to be any intervention at all, it must be timely."); *Kovacs v.*

---

[9] Because this appeal presents pure questions of law, our standard of review is *de novo* and our scope of review is plenary. *Seeton v. Pennsylvania Game Commission*, 937 A.2d 1028, 1032 n.4 (Pa. 2007).

[10] "It is well settled that questions of jurisdiction can never be waived, and they may be raised at any time by the parties or *sua sponte* by an appellate court." *Riverwatch Condominium Owners Association v. Restoration Development Corporation*, 931 A.2d 133, 138 n.5 (Pa. Cmwlth. 2007) (citation omitted).

*Redevelopment Authority of City of Philadelphia*, 328 A.2d 545, 547-48 (Pa. Cmwlth. 1974) ("Goodman should not have been permitted to intervene. [Former] Section 506(b) of the [Eminent Domain Code, *formerly*] 26 P.S. §1-506(b) ([repealed]), provide[d]: '(t)he court may permit a mortgagee, judgment creditor or other lienholder to intervene in the proceedings where his interest is not adequately protected . . . .' Goodman was not a judgment creditor . . . and she was not a lienholder. . . . Of equal impropriety, of course, was that portion of the lower court's order directing the condemnee and its principal stockholder to pay the intervening 'successor owner' $500 a week.").[11]

Moreover, and more importantly, the instant action seeking to strike the deeds in question may not be initiated by the mere expedience of the filing of the Authority's Motion. Indeed, as the Pennsylvania Superior Court has explained:

> [Pa. R.C.P. No.] 1007 provides that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." [*S*]*ee also* Pa. R.C.P. [No.] 1063 (stating that action to quiet title shall be commenced by filing of complaint with prothonotary); Pa. R.C.P. [No.] 1061(b)(2), (3) (providing that quiet title action may be brought to determine validity of "deed affecting any right, lien, title or interest in land" or to "compel an adverse party to . . . cancel . . . any deed").

---

[11] *See also* Section 19.2 of the Urban Redevelopment Law, added by the Act of October 2, 2002, P.L. 796, 35 P.S. §1719.2 ("Notwithstanding the provisions of 42 Pa. C.S. §5526(4) (relating to five year limitation) or any other provision of law to the contrary, a proceeding to challenge just compensation or other damages if a redevelopment authority has exercised powers of condemnation pursuant to this act and made payment in accordance with section 407(a) or (b) of the [Eminent Domain Code], is subject to a one-year statute of limitations."); *Harkovich v. Pfirrmann*, 627 A.2d 776, 779 (Pa. Super. 1993) ("The lack of *in personam* jurisdiction over the plaintiffs with respect to the relief sought by the defendant in his counterclaim in this case renders the judgment against the plaintiffs absolutely void and a nullity. It also precludes the award of a new trial.") (citation omitted).

Here, [the lot owner] commenced this action by filing with the trial court a "Motion to Remove Deed from Record." As our Supreme Court has recognized, however, "[n]owhere do the rules [of civil procedure] provide for commencing an action by a petition." *Hartmann v. Peterson*, [265 A.2d 127, 128 (Pa. 1970)]. "With no complaint, summons or amicable agreement to bring [an] action within the power to act of the court below, [the court] has no power to make any order whatsoever, including an order allowing the filing of a complaint *nunc pro tunc*." *Id.*; *see also In re Casale*, [517 A.2d 1260, 1263 (Pa. 1986)] ("[A]n action brought by petition and rule, neither authorized by statute nor auxiliary to jurisdiction already obtained and not designed to correct the court's own records, is a nullity and confers no jurisdiction on the court.") (footnote omitted); *Wm. Garlick & Sons, Inc. v. Lambert*, [287 A.2d 143, 144 (Pa. 1972)] (stating that "a petition is only permitted where it is ancillary to an already pending action"). Here, the trial court dismissed the action as not properly commenced, but then ordered that the deed be stricken despite the absence of a properly commenced action. Because the trial court lacked jurisdiction, we conclude that its order was a nullity. *Accord In re Corr[ection] of Official Records with Civ[il] Action*, [404 A.2d 741, 742-43 (Pa. Cmwlth. 1979)] (reversing trial court order directing recorder of deeds to remove oil and gas leases from public records, where trial court lacked jurisdiction because suit was improperly commenced by petition and rule).

*In re G.J.K. & Sons, LLC*, 175 A.3d 1033, 1036 (Pa. Super. 2017) (footnotes omitted). "[B]ecause the commencement of this action was improper under Pa. R.C.P. No. 1007, the court below had no power to act whatsoever and there was no jurisdiction established over appellant. The proceeding below was a nullity. We must remand for dismissal of the proceeding." *In re Correction of Official Records with Civil Action*, 404 A.2d at 473 (citation omitted).

11

Accordingly, the trial court's order is reversed, and the matter is remanded to that court for dismissal of the proceeding.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:                                          :
                                                :
A Condemnation Proceeding In Rem by             :
the Redevelopment Authority of the City         :
of Philadelphia for the Purpose of              : No. 1071 C.D. 2019
Redevelopment of North Philadelphia             :
Redevelopment Area, Model Cities Urban          :
Renewal Area, Condemnation No. 31L              :
Including Certain Land Improvements and          :
Properties                                      :
                                                :
Appeal of: Hussein Mansour                      :


# **O R D E R**


AND NOW, this 6<u>th</u> day of <u>January</u>, 2021, the order of the
Philadelphia County Court of Common Pleas dated June 10, 2019, is REVERSED,
and the matter is remanded to that court for dismissal of the proceeding.

Jurisdiction is RELINQUISHED.


_____
MICHAEL H. WOJCIK, Judge