IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Upset Tax Sale of Lehigh     :
County Tax Claim Bureau of       :
Properties Held on                :
September 15, 2021           : No. 1442 C.D. 2021
                                : Submitted: October 21, 2022
Appeal of: Ronald L. Clever     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: August 3, 2023

Ronald L. Clever (Clever) appeals the Order of the Lehigh County Court of Common Pleas (trial court) denying his Motion for an order directing the Lehigh County Tax Claim Bureau (Bureau) to permit him and the public to physically attend any and all future tax sales of property to be conducted pursuant to the Real Estate Tax Sale Law (R.E.T.S.L.).[1] We affirm.

The trial court summarized the relevant facts of this case as follows:

> On September 15, 2021, [the Bureau] conducted an upset tax sale pursuant to the [R.E.T.S.L.] inside an auditorium at a local college instead of the [Lehigh County C]ourthouse in order to have sufficient room for attendees to be C[OVID]-compliant. It separated the auction attendees into two groups, registered bidders who were allowed to sit in the auditorium where the sale was

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101 – 5860.803.

being conducted, and non-registered bidders, *i.e.*, the general public, including [Clever], who were instructed to go to the lobby of the auditorium where they could watch the sale on closed circuit television. Clever was not representing any registered bidder or other interested party at the upset sale. He, nonetheless, insisted on sitting in the auditorium with the registered bidders. His request was refused and he left the premises.

Trial Court 12/13/21 Opinion at 1.

Prior to the sale, on September 3, 2021, Elite Revenue Solutions, LLC (Elite), as agent for the Bureau, had filed a "Petition to Waive Personal Service of Certain Owners for Good Cause Shown" (Petition), pursuant to Section 601(a)(3) of the R.E.T.S.L.[2] *See* Original Record (O.R.) at 1-11.[3] The Petition was docketed in the trial court at Trial Court Docket Number (Dkt. No.) 2021-TX-0041. *See id.* By September 10, 2021 Order, the trial court granted the Petition, which directed "that all owner-occupied properties set forth in [the exhibit] attached to [the] Petition may be sold at the Tax Sale scheduled for September 15, 2021, even though the owner-occupant has not personally been notified of the Sale by the Sheriff." *Id.* at 34.

On September 30, 2021, Clever filed his Motion, in which he sought relief in the nature of "an Order providing that, at all future sales held by the

_____

[2] 72 P.S. §5860.601(a)(3). Section 601(a)(3) states, in pertinent part:

> No owner-occupied property may be sold unless the [B]ureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy or person deputized by the sheriff for this purpose. . . . If such personal notice cannot be served within twenty-five (25) days of the request by the [B]ureau to make such personal service, the [B]ureau may petition the [trial court] to waive the requirement of personal notice for good cause shown. Personal service of notice on one of the owners shall be deemed personal service on all owners.

[3] Because the O.R. was filed electronically and was not paginated, the page numbers referenced in this memorandum opinion reflect electronic pagination.

2

[Bureau], the [Bureau] shall permit [Clever] to attend any and every sale, regardless of whether or not he is, or shall be, a registered bidder," and that "the same relief [] be given to the general public, too." O.R. at 38-39.[4] Clever filed the Motion at Dkt. No. 2021-TX-0041, the caption and docket number for Elite's proceedings under Section 601(a)(3) of the R.E.T.S.L. *See id.* at 36-41.[5] On November 3, 2021, Elite filed a Response to Motion in which it denied all of the material allegations raised in Clever's Motion, and asked the trial court to deny the Motion. *See id.* at 222-28.

On November 17, 2021, the trial court issued an Order denying Clever's Motion that stated, in relevant part:

> The sale of real property due to delinquent taxes is governed by the [R.E.T.S.L.] In pertinent part, the statute refers to "public sale." *See, e.g.*, [Section 610 of the R.E.T.S.L.,] 72 P.S. §5860.610. It does not specify what that means, and neither party has provided any authority by which to define it.
>
> Section [501-A,[6]] which became effective on August 30, 2021, requires anyone who intends to bid at a scheduled upset sale or judicial sale "appear and register" at the [Bureau] not less than ten days before the scheduled sale. The sale which is the subject of [Clever's] Motion was held on September 15, 2021. [Clever] does not allege he registered to bid at the sale. According to the Bureau's uncontroverted Response to [Clever's] Motion, he "could have watched the sale on the closed-circuit television in

---

[4] That same day, Elite filed a "Consolidated Return of Upset Tax Sale of Properties held on September 15, 2021, Pursuant to the R.E.T.S.L.," making a consolidated return of the sale of properties for the nonpayment of taxes in accordance with Section 607 of the R.E.T.S.L., 72 P.S. §5860.607. *See* O.R. at 42-101.

[5] During the pendency of proceedings on Clever's Motion, he also filed appearances as counsel for Joseph M. Costello and Harry J. Dannecker, Jr. as "interested parties" in the proceedings initiated by Elite. *See* O.R. at 192-95.

[6] Added by the Act of June 30, 2021, P.L. 180, 72 P.S. §5860.501-A.

3

the lobby of the auditorium where the sale was held. Other members of the public exercised this option." [O.R. at 224.]

The word "public" does not convey an absolute right to attend an event in person. For example, public health and safety measures, the capacity of the venue, etc.[,] may reasonably limit the number of people who may attend in person. What it does mean is that all members of the public should have equal access to the event. Here, the sale was open to the public, including [Clever], by virtual means, *i.e.*, closed-circuit television. He elected not to take advantage of it.

O.R. at 196 n.1. Clever filed the instant timely appeal of the trial court's Order.[7]

On appeal, Clever claims that the trial court erred in denying his Motion because: (1) the R.E.T.S.L. does not grant the Bureau the authority to restrict public access to tax sales; and (2) he was entitled to a hearing on his Motion based on the Pennsylvania Rules of Civil Procedure (Pa.R.Civ.P.) and the relevant local rules. Notwithstanding, we affirm the trial court's Order on the basis that it was without jurisdiction in the first instance[8] to determine Clever's R.E.T.S.L. rights, or to grant the requested relief, under the caption and docket number of Elite's prior proceeding

---

[7] "As the interpretation of both statutes and the [Pa.R.Civ.P.] are pure questions of law, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Levy*, 83 A.3d 457, 461 (Pa. Super. 2013); *Keller v. Mey*, 67 A.3d 1, 5 (Pa. Super. 2013)." *Berdomas v. Moyer* (Pa. Super., No. 1017 WDA 2018, filed July 12, 2019), slip op. at 4. Although decisions of the Superior Court are not binding on this Court, they may provide persuasive authority where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018). This includes unpublished panel decisions of the Superior Court filed after May 1, 2019. *See* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

[8] "It is well settled that questions of jurisdiction can never be waived, and they may be raised at any time by the parties or *sua sponte* by an appellate court." *Riverwatch Condominium Owners Association v. Restoration Development Corporation*, 931 A.2d 133, 138 n.5 (Pa. Cmwlth. 2007) (citation omitted).

in the trial court on its Petition to waive the personal service requirements that was filed pursuant to Section 601(a)(3) of the R.E.T.S.L.

The instant action seeking to compel the Bureau to "permit [Clever] to attend any and every sale, regardless of whether or not he is, or shall be, a registered bidder," and to grant "the same relief [] be given to the general public, too," *see* O.R. at 38-39, may not be initiated by the mere expedience of Clever's filing the Motion under the caption and docket number of the proceedings on Elite's Petition for a trial court order waiving the personal service requirements of Section 601(a)(3). Rather, Pa.R.Civ.P. 1001(a) and (b)(3) states, in relevant part: "As used in this chapter . . ., 'action' means a civil action brought in . . . any court which is subject to these rules. There shall be a 'civil action' in which shall be brought all claims for relief heretofore asserted in . . . the action in equity.[9]" *See also* Pa.R.Civ.P. 1091 ("[T]he procedure in the action of mandamus shall be in accordance with the rules relating to a civil action.").[10]

In turn, Pa.R.Civ.P. 1007 states: "An action may be commenced by filing with the prothonotary (1) a *praecipe* for a writ of summons, or (2) a complaint." *See, e.g., Chichester School District v. Chichester Education Association*, 750 A.2d 400, 403 (Pa. Cmwlth. 2000) (holding that a school district's

---

[9] *See, e.g., Bristol Township Water Authority v. Lower Bucks County Joint Municipal Authority*, 567 A.2d 1110, 1115 (Pa. Cmwlth. 1989) ("Where statutory authorities do an illegal act, or one which they have no authority to perform, equity will grant relief. *Mazeika v. American Oil Company*, [118 A.2d 142, 143 (Pa. 1955)].").

[10] *See, e.g., Nader v. Hughes*, 643 A.2d 747, 752 n.13 (Pa. Cmwlth. 1994) ("The civil action of mandamus lies to compel the performance of a ministerial act or mandatory duty only where there exist a clear legal right in the plaintiff and a corresponding duty in the defendant and a lack of another appropriate and adequate remedy. Thus, the effect of the action when brought against a public official is to compel the public official to perform acts which are required or obliged to be performed and which do not involve an exercise of discretion or judgment.") (citations omitted).

petition to set aside collective bargaining agreements with an education association and an administrators' association was not the procedurally proper way in which to initiate an equity action; rather, the district should have filed a praecipe for a writ of summons or a complaint).

As the Pennsylvania Superior Court has explained:

> Here, [the lot owner] commenced this action by filing with the trial court a "Motion to Remove Deed from Record." As our Supreme Court has recognized, however, "[n]owhere do the rules [of civil procedure] provide for commencing an action by a petition." *Hartmann v. Peterson*, [265 A.2d 127, 128 (Pa. 1970)]. "With no complaint, summons or amicable agreement to bring [an] action within the power to act of the court below, [the court] has no power to make any order whatsoever, including an order allowing the filing of a complaint *nunc pro tunc*." *Id.*; *see also In re Casale*, [517 A.2d 1260, 1263 (Pa. 1986)] ("[A]n action brought by petition and rule, neither authorized by statute nor auxiliary to jurisdiction already obtained and not designed to correct the court's own records, is a nullity and confers no jurisdiction on the court.") (footnote omitted); *Wm. Garlick & Sons, Inc. v. Lambert*, [287 A.2d 143, 144 (Pa. 1972)] (stating that "a petition is only permitted where it is ancillary to an already pending action"). Here, the trial court dismissed the action as not properly commenced, but then ordered that the deed be stricken despite the absence of a properly commenced action. Because the trial court lacked jurisdiction, we conclude that its order was a nullity. *Accord In re Corr[ection] of Official Records with Civ[il] Action*, [404 A.2d 741, 742-43 (Pa. Cmwlth. 1979)] (reversing trial court order directing recorder of deeds to remove oil and gas leases from public records, where trial court lacked jurisdiction because suit was improperly commenced by petition and rule).

*In re G.J.K. & Sons, LLC*, 175 A.3d 1033, 1036 (Pa. Super. 2017) (footnotes omitted). "[B]ecause the commencement of this action was improper under

Pa. R.Civ.P. 1007, the court below had no power to act whatsoever and there was no jurisdiction established over appellant. The proceeding below was a nullity." *In re Correction of Official Records*, 404 A.2d at 473 (citation omitted).[11]

Accordingly, the trial court's Order is affirmed. [12]

 

 

MICHAEL H. WOJCIK, Judge

Judge Dumas dissents and wishes to be so noted.

---

[11] Indeed, as this Court has observed in a similar circumstance:

> It is crystal clear from the foregoing cases, treatises cited therein, the rules of civil procedure, and the absence of case law, that one, who is not a named party to an action, be it an individual action or a class action prior to its certification, cannot become a party to an action by the simple expedience of walking into the office of the prothonotary and filing his appearance in any one or more of the multitude of open actions on file.

*Silver Spring Township v. Pennsy Supply, Inc.*, 613 A.2d 108, 111 (Pa. Cmwlth. 1992); *see also Engle v. Beaver County*, 754 A.2d 729, 732 (Pa. Cmwlth. 2000) (holding that a former stranger to an action is not permitted to insert himself into proceedings at the trial level or on appeal through a voluntary substitution by claiming that he has a similar interest or that he could have pursued a similar action in his own right); *In re Estate of Geniviva*, 675 A.2d 306, 309-10 (Pa. Super. 1996) (holding that an individual does not become a party to an action merely by filing a brief in support of the exceptions to a decree *nisi* and appearance at oral argument on the exceptions); *Liles v. Balmer*, 653 A.2d 1237, 1239 n.1 (Pa. Super. 1994) (holding that an individual whose name was added to the caption on a motion for reconsideration was not a party to the action where he was not named in the complaint, not a direct participant in the trial court proceedings, and he did not seek permission to intervene as a party at any time during the proceedings); *Harkovich v. Pfirrmann*, 627 A.2d 776, 779 (Pa. Super. 1993) (holding that a lack of *in personam* jurisdiction over the plaintiffs with respect to the relief sought by the defendant in his counterclaim rendered the judgment against the plaintiffs "absolutely void and a nullity").

[12] It is equally well settled that "'[w]e may affirm a trial court determination under a different rationale, where the result is correct and the basis on which we affirm is clear on the record.'" *Brown v. James*, 822 A.2d 128, 131 (Pa. Cmwlth. 2003) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Upset Tax Sale of Lehigh  :
County Tax Claim Bureau of  :
Properties Held on  :
September 15, 2021  : No. 1442 C.D. 2021
  :
Appeal of: Ronald L. Clever  :

# **O R D E R**

AND NOW, this 3rd day of August, 2023, the order of the Lehigh County Court of Common Pleas dated November 17, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge