William Garlick & Sons, Inc., Appellant, *v.* Lambert.

Argued January 18, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

324

*Joseph P. Moschetta,* with him *C. Jerome Moschetta* for appellant.

*Frank A. Conte,* for appellees.

OPINION BY MR. JUSTICE EAGEN, February 2, 1972:

A taxpayers' complaint in equity was filed in the Court of Common Pleas of Washington County to enjoin the School District of Bentworth from proceeding with plans to construct a new high school building. Through preliminary objections to the complaint, the District successfully contended that the Pennsylvania State Public School Building Authority was an indispensable party to the action and the Authority was added as a party-defendent.[1] The court then ordered the case transferred to the Commonwealth Court where it is now pending.

Subsequently, Wm. Garlick & Sons, Inc., [Garlick] alleging it was the general construction contractor for the new high school building, filed a *"Petition* for Injunction" [Emphasis added] in the Court of Common Pleas of Washington County seeking to enjoin certain individuals from interfering with the construction through mass picketing and similar activites. Prelim-

---

[1] The Pennsylvania State Public School Building Authority admittedly owns the land upon which the proposed school will be built. While the record before us is not clear, appellees' brief states that the Authority will finance the cost of construction and retain title to the land and building.

inary objections to the petition were filed, following which the court entered a decree "dismissing the action" for failure to join the Pennsylvania State Public School Building Authority as an indispensable party. In its decree the court also ordered that all work and construction at the site cease until disposition of the case pending in the Commonwealth Court. Garlick filed this appeal.

The court below erred in entertaining jurisdiction of the "Petition". The Rules of Civil Procedure do not provide for the commencement of an action in equity by a petition. *Hartmann v. Peterson,* 438 Pa. 291, 265 A. 2d 127 (1970). Generally, a petition is only permitted where it is ancillary to an already pending action. See Comment Goodrich-Amram, §1531(a), and 8 Standard Pennsylvania Practice 471, nn. 8, 9, 10. If appellant's "Petition" was intended to be ancillary to the taxpayers' suit already pending, jurisdiction was in the Commonwealth Court.

Decree vacated and petition dismissed.

Each side to pay own costs.