In Re: Tax Claim Bureau, German Township, Mt. Sterling, 54½ Acres Miscellaneous Buildings. Rinaldo DiCenzo and Fred Cuteri, Appellants.

Argued May 8, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

C. Grainger Bowman, McNees, Wallace & Nurick, of counsel, William M. Radcliffe, Coldren & Coldren, for appellants.

Samuel J. Davis, with him Gerald R. Solomon, for appellees.

OPINION BY JUDGE MacPHAIL, July 10, 1980:

In this case, the parties have stipulated to the essential facts upon which the Court of Common Pleas of Fayette County ordered, inter alia, that the sale of a certain premises at a tax sale to Rinaldo DiCenzo and Fred Cuteri (Appellants) be set aside. Those facts are as follows:

On August 26, 1970, Mt. Sterling Fuel Company (Sterling) sold three tracts of real estate to George Solomon and George Teslovich (Record Owners). The deed was duly recorded. Unfortunately, in noting the transfer, the tax assessment authorities changed the ownership of one tract only with the result that the other two tracts remained on the assessment records in the name of Sterling.

At the time of the transfer from Sterling to the Record Owners, the 1970 taxes had been assessed and were due and payable. Those taxes were not paid and on October 12, 1972, the Fayette County Tax Claim Bureau (Bureau) sold the two tracts still in the name

of Sterling to Appellants, after giving notice to Sterling but not to the Record Owners. From the briefs of counsel, we learn that since that time, Appellants have paid the taxes on the two tracts which are unimproved.

In April of 1978, the chief assessor discovered the error and notified the Bureau that in his opinion the sale was invalid. In May of 1979, the Bureau filed a "Petition to Void Sale" to the same term and number used for the tax sale in 1972. Appellants filed an answer thereto pursuant to which the court fixed a hearing for July 5, 1979. On June 8, 1979, an appearance was entered by counsel for the Record Owners. No testimony was taken on July 5, but during the dialogue among the trial judge and counsel, counsel for the Record Owners said that they would "join in the Petition of Fayette County." Appellants did not object to the joinder and although the trial judge took no formal action on the statement at the time it was made, his order on July 5, 1979 described the Record Owners as "petitioner of record by oral joinder." That order also directed counsel to enter into a stipulation of facts concerning the petition. Upon the filing of the stipulation, the trial judge entered the order from which the instant appeal has been taken.

In his opinion in support of his order, the trial judge stated that inasmuch as the Record Owners received no notice of the sale, it must be set aside, under the provisions of Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602.

Appellants argue to us that (1) the Bureau had no authority to petition the court to void a tax sale once the sale had been confirmed absolutely, (2) the trial court had no jurisdiction to entertain the petition, (3) proper notice under the Law had been given by the Bureau prior to the sale and (4) the proceeding was barred by laches.

Inasmuch as our disposition of the jurisdictional question will be dispositive of this appeal, we will restrict ourselves to that issue. While the trial court seemingly had no difficulty addressing the substantive issue raised by the petition without considering the propriety of a "Petition to Void Sale," we note that the petition filed by the Bureau is not specifically authorized by the Law. It is well established that an action may not be instituted by a petition absent specific authorization by statute. *W. Garlick and Sons, Inc. v. Lambert*, 446 Pa. 323, 287 A.2d 143 (1972); *Butler Area Sewer Authority v. Northwest Sanitary Sewer System*, 3 Pa. Commonwealth Ct. 76, 281 A.2d 87 (1971). While the Record Owners cannot cite any authority for the petition, they contend that the procedure is the same as that which has been used in Fayette County in similar situations in the past and that since that procedure is not against public policy nor against the express provisions of the statute, it ought to be accepted. Perhaps one reason why this procedure has been accepted is that it has not been challenged. Here, the matter of jurisdiction has been raised. The trial court assumed jurisdiction, but as we have noted, did not address the jurisdictional issue in its opinion.

In the absence of statutory or case law authority or rule of procedure permitting the Bureau to file such a petition, the trial court had no jurisdiction to hear it. Even the "joinder" by the Record Owners did not breathe legal life into the petition. We note that remedies were available to the Record Owners in the form of an action to Quiet Title or a complaint in equity.

In summary, this is more than form over substance. The trial court simply had no power or authority to fashion a remedy on a petition unauthorized by the Law.

Under the circumstances, the order of the trial court must be reversed. However, it may be possible for the Record Owners to institute a proper action for the relief they seek. Accordingly, our order will be entered without prejudice to them should they decide to proceed in a manner authorized by law.

### Order

And Now, this 10th day of July, 1980, the order of the Court of Common Pleas of Fayette County, dated July 26, 1979, is reversed without prejudice to the rights of George Solomon and George Teslovich to seek redress in a manner authorized by law.

---

Dissenting Opinion by Judge Craig:

I respectfully dissent. The fact that the paper filed to initiate this proceeding was labeled a "petition" instead of a "complaint" makes no difference at all with respect to the decision of this case.

Although the majority opinion states that we are not putting form over substance, the majority is unable to indicate how any matter of substance is affected by the mere title placed upon the original paper filed. The "petition" here has stated the case just as well as it could if it were entitled as a "complaint," as the majority's lucid presentation of the issues has demonstrated. The original service of process, although involving a rule to show cause,[1] differed in no real way from the process prescribed for a complaint in equity. Pa. R.C.P. No. 1504.

Here we should do as we wisely did in *Butler Area Sewer Authority v. Northwest Sanitary Sewer System*, 3 Pa. Commonwealth Ct. 76, 281 A.2d 87 (1971), relied on by the majority—treat the paper as if it were

---

[1] By the issuance of the rule, the trial court gave its blessing to the form used.

properly labeled in order to get on with deciding the case. Although we there said that we are doing so because of the importance of the case, every case has its own importance; we certainly do not intend to have a rigid rule for the small matter, while allowing a flexible and reasonable approach only to the case which involves more people or more money.

The majority must be respected for seeking to pay heed to *W. Garlick and Sons, Inc. v. Lambert*, 446 Pa. 323, 287 A.2d 143 (1972), but we should now anticipate that, as our court did in *Butler Area Sewer Authority, supra,* the Pennsylvania Supreme Court will no longer let a great deal of time and expense in litigation be wasted because of how a paper is captioned. That kind of legal doctrine is what gives the law a bad name, benefits no-one, and leaves the judicial job undone.