436 A.2d 144

**In re TAX CLAIM BUREAU, GERMAN TOWNSHIP, MT. STERLING 54½ ACRES, MISCELLANEOUS BUILDINGS.**

**Appeal of SOLOMON & TESLOVICH.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1981.

Decided Oct. 29, 1981.

Gerald R. Solomon, Samuel J. Davis, Uniontown, for appellant.

William M. Radcliffe, C. Grainger Bowman, Harrisburg, for Rinaldo Dicenzo and Fred Cuteri.

Jeffrey Clay, Harrisburg, Philip T. Warman, Uniontown, for Fayette County Tax Claim Bureau.

Pamela J. Bailey, Uniontown, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

KAUFFMAN, Justice.

This is an appeal from an order of the Commonwealth Court reversing an adjudication of the Court of Common Pleas of Fayette County invalidating a tax sale of real property by appellant, Fayette County Tax Claim Bureau ("Tax Bureau"). The issue presented is whether the trial court was divested of equitable jurisdiction to void the tax sale simply because the pleading initiating this action, which was substantively adequate in all respects, was erroneously labeled "petition" rather than "complaint." Because the fundamental purpose of our procedural rules is to provide for a fair, orderly and expeditious decision on the merits, we conclude that the nonprejudicial caption error should have been disregarded. Accordingly, we vacate the order of the Commonwealth Court and remand for disposition on the merits.

The facts are not in dispute. On August 26, 1970, the Mt. Sterling Fuel Company ("Mt. Sterling") sold three tracts of land to appellants George A. Solomon and George Teslovich ("Solomon and Teslovich"), and the deed was duly recorded. The tax assessment authorities, however, erroneously changed the assessment records to reflect the transfer of only one of the tracts, and the other two remained on the tax assessment records in the name of Mt. Sterling.

At the time of the transfer, the 1970 taxes had been assessed and were due and payable. Subsequently, the Tax Collector of German Township, Fayette County, returned as unpaid the 1970 county, school and township taxes levied against two of the tracts, and the Tax Bureau notified Mt. Sterling that they would be sold at the 1972 tax sale. Although they were the record owners, appellants were not notified that the 1970 taxes were delinquent or that a tax sale would be held. On October 12, 1972, the Tax Bureau sold the two tracts to appellees, Rinaldo Duenzo and Fred A. Cuteri.

In April 1978, the Fayette County Chief Assessor discovered the error and advised the Tax Bureau that, in his opinion, the tax sale was invalid. In May, 1979, the Tax Bureau filed a "Petition to Void Sale" in the Court of Common Pleas of Fayette County seeking to declare the sale of the two tracts null and void. Solomon and Teslovich thereafter joined in the Bureau's petition without objection. Appellees responded with an "Answer and New Matter." The trial court then concluded that the sale must be set aside since Solomon and Teslovich had not received notice as required by Section 602 of the Real Estate Tax Sale Law.[1]

On appeal, appellees argued that: (1) the Tax Bureau had no authority to petition the court to void a tax sale once the sale had been confirmed absolutely; (2) the trial court had no jurisdiction to entertain the petition; (3) proper notice had been given by the Tax Bureau prior to the sale; and (4) the proceeding was barred by laches. The Commonwealth

1. Act of July 7, 1947, P.L. 1368, No. 542, art. VI, § 602 *as amended*, 72 P.S. § 5860.602 (Supp.1981).

Court concluded that the trial court lacked subject matter jurisdiction and reversed solely because no statute or rule of procedure authorized an action of this nature to be instituted by petition. *In Re Tax Claim Bureau,* 52 Pa.Cmwlth. 595, 416 A.2d 617 (1980). We granted allocatur on November 21, 1980.[2]

In all substantive respects, the Tax Bureau's verified "petition" includes the essential ingredients of a complaint.[3] Although entitled "petition," the pleading was divided into consecutively numbered paragraphs each of which, as far as practicable, contained only one material allegation. *See* Pa.R.Civ.P. 1021. Pursuant to Pa.R.Civ.P. 1019(a), the material facts upon which the Tax Bureau's cause of action is based are stated "in a concise and summary form." Moreover, the pleading clearly specifies, as required by Pa.R. Civ.P. 1021, the relief sought. In addition, appellees treated the pleading as properly initiating this proceeding, since they filed their Answer and New Matter in response without objection. Thus, with the exception of the erroneous caption, the Tax Bureau's pleading is substantially identical to a conventional complaint.

To affirm the dismissal of this action solely because the initiating pleading was entitled "petition" rather than "complaint" would be a manifestly unjust and unnecessary waste of time and expense.[4] As Judge Craig succinctly declared in

**2.** Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 724.

**3.** Pa.R.Civ.P. 1007 provides:
    An action may be commenced by filing with the prothonotary
    (1) a praecipe for a writ of summons
    (2) a complaint, or
    (3) an agreement for an amicable action.
This rule is expressly made applicable to equitable proceedings pursuant to Pa.R.Civ.P. 1501.

**4.** Pa.R.Civ.P. 126 specifically provides:
    The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

his dissenting opinion below, "That kind of legal doctrine is what gives the law a bad name, benefits no-one, and leaves the judicial job undone." *In Re Tax Bureau*, 52 Pa.Cmwlth. at 600, 416 A.2d at 619. In the interest of justice, our civil procedural rules must be liberally construed. Form must not be exalted over substance, and procedural errors must not be dispositive where there has been substantial compliance with the rules and no prejudice has resulted from purely technical error. *Pomerantz v. Goldstein*, 479 Pa. 175, 179, 387 A.2d 1280, 1282 (1978). *See Stout v. Universal Underwriters Insurance Co.*, 491 Pa. 601, 605, 421 A.2d 1047, 1049 (1980) (Rules of Appellate Procedure were not intended to be so rigidly applied as to result in manifest injustice, particularly when there has been substantial compliance and no prejudice.)

The Rules of Civil Procedure are not ends in themselves, but are designed to insure the fair, orderly and expeditious administration of justice; pleading is not intended to be a game of skill in which "one misstep by counsel may be decisive to the outcome." *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962).[5] Indeed, in *Pomerantz v. Goldstein, supra,* we refused to dismiss exceptions simply because of a nonprejudicial caption error by appellant who incorrectly entitled his pleading as a motion for a new trial:

> Had the pleading been properly titled, it would have been disposed of on the merits, rather than upon the erroneous caption.... Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives.... The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice.

**5.** Legal gamesmanship must not be permitted to impede the fair administration of justice. *See e. g.,* Hall, *Improving the Administration of Justice*, 12 Jour.Pub.L. 376, 380 (1963); Holtzoff, *Origin and Sources of the Federal Rules of Procedure*, 30 N.Y.U.L.Rev. 1057, 1059 (1955); R. Pound, *The Canons of Procedural Reform*, 12 A.B.A. Jour. 541, 543 (1926).

479 Pa. at 178, 387 A.2d at 1281.   *See Norris Van Tops, Inc. v. Kopitsky,* 278 Pa.Super. 77, 419 A.2d 1365 (1980).[6]

Because the pleading here substantially complies with our rules and may be treated as if properly labeled without prejudice to appellees' substantive rights, we conclude that the Commonwealth Court erred in reversing strictly on jurisdictional grounds.[7]   Accordingly, we vacate the order of the Commonwealth Court and remand for its consideration of the substantive issues raised.[8]

WILKINSON, J., did not participate in the consideration or decision of this case.

**6.**   Similarly, other jurisdictions have recognized that it is the substance of a pleading, not its title, which should determine its validity. *See, e. g., Boose v. Hanlin,* 346 P.2d 932, 935 (Okl.1959); *Norman v. Berney,* 235 Cal.App.2d 424, 45 Cal.Rptr. 467, 472 (1965); *Gehrke v. State,* 363 S.W.2d 490 (Tex.Civ.App.1962).

**7.**   In dismissing this action, the Commonwealth Court relied upon our decision in *William Garlick & Sons, Inc. v. Lambert,* 446 Pa. 323, 287 A.2d 143 (1972).   In that case, we held that "the lower court had erred in entertaining jurisdiction" of a "Petition for Injunction" since "[t]he Rules of Civil Procedure do not provide for the commencement of an action in equity by a petition."   That decision, however, does not describe the content of the injunction petition, nor does it show whether the moving party had given proper notice.   In contrast, the pleading here was essentially a complaint—deficient only in its caption.   Moreover, appellees were adequately notified of the action and filed no preliminary objection to the pleading.

**8.**   Appellees argue that the Tax Bureau was without the authority to bring this action because no such power was granted under the Real Estate Tax Law.   72 P.S. § 5860.101 et seq.   We need not address this contention, however, because appellants Solomon and Teslovich joined in the Tax Bureau's petition without objection.   As the record owners of the property in question, they clearly have standing to challenge the sale for lack of notice.   *See Ross Appeal,* 366 Pa. 100, 76 A.2d 749 (1950); *Hess v. Westernick,* 366 Pa. 90, 76 A.2d 745 (1950).