## Walker v. Ruark

*Jon A. Larkin,* for petitioner.
*Thomas F. Miller,* for respondent.

MELODY, *J.,* October 16, 1986—On May 8, 1986, petitioner Rose T. Walker attempted to initiate a civil action in equity by filing original process styled as "Defendant's Petition[1] to Vacate the Judgment of Divorce."[2] On May 28, 1986, respondent/administratrix, Louise Ruark, filed preliminary objections to the petition. On June 6, 1986, petitioner filed "Defendant's Amended Petition to Vacate the Judgment of Divorce." On June 17, 1986, petitioner filed an answer to respondent's preliminary objections to the original petition. On June 25, 1986, respondent filed preliminary objections to the amended petition. Petitioner did not file an answer to this second set of preliminary objections. *Neither party filed a brief.* The matter was assigned to us on September 8, 1986, for a determination of the preliminary objections. For the reasons stated below, we determine that no action was in fact commenced by petition and amended petition. Therefore, we do not address respondent's preliminary objections but rather summarily dismiss the petition and amended petition.

[1] The caption of said petition sets forth the cause of action as "Civil Action-Equity."

[2] Respondent/administratrix's decedent, Joseph L. Ruark, was plaintiff and petitioner was defendant in divorce action no. 85-02466. The parties were divorced on November 18, 1985. Joseph L. Ruark died on December 17, 1985.

It is axiomatic that the rules of civil procedure do not provide for the commencement of an action in equity by petition. See our opinion of March 11, 1983, In Re: Mitchell G. Crane, 32 Ches. Co. Rep. 45 (1984). See also W. Garlick and Sons, Inc. v. Lambert, 446 Pa. 323, 287 A.2d 143 (1972); Hartman v. Peterson, 438 Pa. 291, 265 A.2d 127 (1970). The only ways to initiate an action in equity are by writ of summons, complaint or agreement for an amicable action. Pa.R.C.P. 1501; Pa.R.C.P. 1007. Pa. Inter. Ath. Ass'n. v. Greater Johnstown Sch. Dis., 76 Pa. Commw. 65, 463 A.2d 1198 (1983). Ordinarily, jurisdiction may not be invoked by petition and rule. Cassidy v. Keystone Insurance Company, 322 Pa. Super. 168, 469 A.2d 236 (1983). This is consistent with the general rule that proceeding by petition and rule is permissible only where such proceeding is ancillary to an already pending action. Dambacher v. Commercial Union Assurance Companies, 313 Pa. Super. 34, 459 A.2d 396 (1983). Only when specifically permitted by statute (which is not the situation here) may an original action be commenced by petition. White v. Redevelopment Authority, City of McKeesport, 69 Pa. Commw. 307, 451 A.2d 17 (1982). In re Correction of Official Records etc., 44 Pa. Commw. 511, 404 A.2d 741 (1979).

The instant petition was not brought under the divorce number and does not serve to initiate a proceeding ancillary to the divorce action. Rather it was brought as a matter captioned "Civil Action-Equity." Thus, it became a separate matter with its own number. We recognize that in Fenstermaker v. Fenstermaker, 348 Pa. Super. 237, 502 A.2d 185 (1985), a petition to amend a divorce decree was treated as a petition to open by the lower court and as a petition to vacate by the Superior Court. The

Superior Court addressed the issues on their merits notwithstanding that the petition was mischaracterized by both petitioner and the lower court. Here, petitioner's error goes beyond merely mischaracterizing an otherwise properly filed petition. Here, petitioner has attempted to commence a new and separate action by a method for which there is no authority under statute or rule of court. Therefore, we do not believe we have the power to address the issues on their merits as the court did in Fenstermaker.

We are not unmindful of In re Tax Claim Bureau, German Tp., etc., 496 Pa. 46, 436 A.2d 144 (1981), in which our Supreme Court treated a petition as the equivalent of a complaint for purposes of initiating a proceeding to void a tax sale. However, in that case the "error" committed was the mere mislabeling of what was otherwise a valid complaint as a "petition." Moreover, the responding parties treated the petition as a pleading properly initiating the proceeding as they filed an answer and new matter without objection. No prejudice resulted from the technical defect in the pleading and the matter was in fact litigated to decision before the lower court. In the case now before us, respondent has filed numerous preliminary objections (as opposed to an answer) in which she raises significant issues involving both procedure and substantive law. For this court to compound the difficulty by assuming jurisdiction in a manner not clearly authorized by law would be judicial folly. We do not consider this matter to be a simple question of "form" versus "substance" as was the case in In re Tax Claim Bureau, German Twp., etc. The question is one of fundamental jurisdiction and we shall resolve it now when the controversy is in its infancy.

The petition and amended petition before us now are not authorized by the Rules of Civil Procedure.[3] They are insufficient to invoke the original equity jurisdiction of the court and are, in fact, nullities. Therefore, we are compelled to dismiss them. We do so without prejudice to petitioner to proceed in a manner authorized by law.

Based on the foregoing, we enter the following

## ORDER

And now, this October 16, 1986, after consideration of the purported original process styled as "defendant's petition to vacate the judgment of divorce" and "defendant's amended petition to vacate the judgment of divorce," and having determined that the petition and amended petition are not authorized by the Pennsylvania Rules of Civil Procedure and are insufficient to invoke the original jurisdiction of this court sitting in equity, the petition and amended petition are dismissed without prejudice.

---

3 Clearly, the above stated law applies to the amended petition as well as the petition. They must either stand together or fall together.