## Penn Savings Bank, F.S.B. v. Best Homes and Properties, Inc.

*Gerard J. Geiger,* for plaintiff.
*Marshall Anders,* for defendant.

THOMSON, Jr., *P.J.,* November 3, 1992—The defendant, Best Homes & Properties, Inc., has objected to the plaintiff's petition to reinstate the mortgage and bond on the grounds that the action was not commenced by a writ of summons, a complaint, or an agreement for an amicable action. Pa.R.C.P. 1007 and 1501.

The Rules of Civil Procedure do not provide for the commencement of an action by petition. *William Garlick & Sons, Inc. v. Elizabeth Lambert,* 446 Pa. 323, 325, 287 A.2d 143, 144 (1972), citing *Hartmann v. Peterson,* 438 Pa. 291, 293, 265 A.2d 127, 128 (1970). A petition is only permitted where it is *ancillary* to an already pending action. (emphasis added) *William Garlick & Sons, Inc., supra* at 325, 287 A.2d at 144, citing Comment Goodrich-Amram, §1531(a) and 8 Standard Pennsylvania Practice 471, nn. 8, 9, 10. See also, *In re Correction of Official Records with Civil Action,* 44 Pa. Commw. 511, 513, 404 A.2d 741, 743 (1979); *Dambacher v. Commercial Union Assurance Companies,* 313 Pa. Super. 34, 38, 459 A.2d 396, 398 (1983) (citing many other cases therein).

In this case there is a pending action before the court. *Penn Savings Bank v. Best Homes & Properties, Inc.,* no. 581 Civil (1990). The civil action before this court involves a mortgage foreclosure which was commenced

by a complaint on May 19, 1990. The parties entered into a stipulated agreement on March 16, 1992, which was approved by this court, instead of proceeding with a non-jury trial on that same day. Unbeknownst to the parties at that time, the mortgage had been satisfied by mistake.

When the defendant became aware that the mortgage was satisfied they filed a rule to show cause on August 20, 1992, why this court should not strike off or open the judgment in the civil action. The plaintiff then filed an answer to that motion on September 8, 1992. At this time the civil action has not reached a final conclusion.

This action in equity, *Penn Savings Bank v. Best Homes & Properties, Inc.,* no. 25-1992, was commenced on June 30, 1992, by the plaintiff through a petition to reinstate the mortgage and bond in the civil case no. 581-1990 when they became aware of the satisfied mortgage. Therefore, the action in equity is clearly ancillary to the pending civil action.

We now turn to whether the mortgage and bond which had been satisfied should be reinstated.

On October 13, 1992, a hearing was held in this matter. After taking testimony in open court and receiving briefs on the issues from both sides, it was determined that the satisfaction was entered by mistake.

Under Pennsylvania law a release or satisfaction of a mortgage entered by mistake may be set aside and the mortgage reinstated so long as the rights of third parties are not involved. 8 *P.L.E. Mortgages* 5191 & 5194. Therefore, in order to prevent the defendant from being unjustly enriched, the mortgage and bond is reinstated.

## ORDER

And now, November 3, 1992, the plaintiff's petition to reinstate the defendant's mortgage, which was satisfied by mistake, is hereby granted.

And now, the Recorder of Deeds of Pike County is ordered to cancel the satisfaction and allow the plaintiff to proceed with the foreclosure sale.