IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Desiree Pelletier,                          :
                            Petitioner      :
                                            :
            v.                              : No. 1615 C.D. 2022
                                            : Argued:  June 4, 2025
Unemployment Compensation                   :
Board of Review,                            :
                            Respondent      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION
BY JUDGE WALLACE                            FILED:  August 25, 2025


        In this case, we consider whether *pro se* petitioner Desiree Pelletier (Pelletier)

timely appealed from an order of the Unemployment Compensation Board of

Review (Board).  The Board filed an application for relief in the form of a motion to

quash, arguing we did not receive Pelletier's initial written communication

evidencing an intention to appeal until the 30-day appeal period expired.[1]  We infer

Pelletier timely mailed her initial communication to the Court because it arrived via

_____

[1] Pelletier has not filed a brief or otherwise responded to the Board's motion to quash.  However, Philadelphia Legal Assistance filed an amicus curiae brief opposing the motion and participated in oral argument before this Court.  "Amicus curiae" means "friend of the court," and refers to a non-party "who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter."  Black's Law Dictionary 106 (11th ed. 2019).

United States Postal Service (USPS) mail only one business day after the deadline. Accordingly, we deny the Board's motion to quash.

## BACKGROUND

This Court received Pelletier's initial communication via USPS mail on December 15, 2022. In the initial communication, entitled "Petition for Appeal," Pelletier alleged she was the victim of bias in her unemployment compensation matter but did not identify the order she intended to challenge on appeal.[2] We issued a notice directing Pelletier to file a petition for review within 30 days, and she timely complied. Pelletier indicated she intended to challenge the order mailed November 14, 2022, in which the Board concluded she was not entitled to unemployment compensation or Federal Pandemic Unemployment Compensation benefits and imposed overpayments.

The Board filed its motion to quash on May 22, 2023. As summarized above, the Board contends this Court did not receive Pelletier's initial communication until December 15, 2022, after the 30-day appeal period expired on December 14, 2022. The Board concedes the envelope in which Pelletier's initial communication arrived included a postmark dated December 13, 2022, but argues the initial communication was untimely because Pelletier did not provide "a Certificate of Mailing or any other form that could verify the date of deposit." Board's Br. at 2. According to the Board, Pelletier has not demonstrated she is entitled to *nunc pro tunc* relief, and considering her initial communication to be timely filed without the required USPS form or, "at the very least, . . . some sort of evidence showing why such a form was not available, or . . . that could serve as the functional equivalent of the required form," would impermissibly expand the appeal period from 30 days to 31 days. *Id.* at 3-5, 11-12.

---

[2] Pelletier's initial communication appears to be a form she received with her unemployment compensation notice of determination to be used when filing an appeal to the referee.

**DISCUSSION**

A petition for review must be filed in our Prothonotary's Office within 30 days after entry of the order on appeal, unless otherwise provided. Pennsylvania Rule of Appellate Procedure 1512(a)(1), Pa.R.A.P. 1512(a)(1). As a general matter, the entry date of an order by a government unit "shall be the day . . . the government unit mails or delivers copies of the order to the parties." *See* Pennsylvania Rule of Appellate Procedure 108(a)(1), Pa.R.A.P. 108(a)(1). Failure to file a petition for review within 30 days is a jurisdictional defect requiring that we quash the appeal. *G.R.S. v. Dep't of Hum. Servs.*, 329 A.3d 770, 773-774 (Pa. Cmwlth. 2025). We may not extend the deadline "as a matter of grace or mere indulgence."[3] *Id.* at 773 (quoting *V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 527 (Pa. Cmwlth. 2015)).

The Board maintains Pelletier's initial communication was untimely based on Pennsylvania Rule of Appellate Procedure 1514(a). At the time this Court received the initial communication, Rule 1514(a) provided as follows:

> **(a) Filing with the prothonotary.**--The petition for review, with proof of the service that is required by paragraph (c) of this rule, shall be filed with the prothonotary of the appellate court in person or by first class, express, or priority United States Postal Service mail.

> If the petition for review is filed by first class, express, or priority United States Postal Service mail, the petition shall be deemed received by the prothonotary for the purposes of Pa.R.A.P. 121(a) **on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified**. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of

---

[3] *Nunc pro tunc* relief is available in the event of fraud, a breakdown in the court's operations, or "where the appellant, his counsel, or a third party's non-negligent actions have caused a delay in the filing of an appeal." *Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa. Cmwlth. 2007).

3

the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

Upon actual receipt of the petition for review, the prothonotary shall immediately:

(1) stamp it with the date of actual receipt. That date, **or the date of earlier deposit in the United States mail as prescribed in this paragraph**, shall constitute the date of filing;

(2) assign a docket number to the petition for review; and

(3) give written notice of the docket number assignment in person or by first class mail to the government unit that made the determination sought to be reviewed, to the petitioner, and to the other persons named in the proof of service accompanying the petition.

Pa.R.A.P. 1514(a) (some emphasis added).[4]

In addition, Commonwealth Court Internal Operating Procedure 211 specifies the procedure that this Court must follow when it receives a written communication evidencing an intention to appeal. At the time we received the initial communication in this matter, Internal Operating Procedure 211 provided:

> When the Prothonotary receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the Prothonotary shall time-stamp the written communication with the date of receipt. The Prothonotary shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the Prothonotary's letter. If the party fails to file a fully conforming petition for review within that period, the Prothonotary shall advise the party by letter that the Court will take no further action in the matter.

---

[4] Rule 1514 was amended effective January 1, 2024, and now provides additional USPS forms that may be used to establish the date of deposit.

4

210 Pa. Code § 69.211.[5]  Despite the language in Internal Operating Procedure 211 indicating that the date of receipt will be preserved as the date of filing of the appeal, Pelletier's initial communication "falls within [Rule] 1514(a) . . . to make use of the [USPS] Form 3817 to ensure timely filing." *See Alston v. Unemployment Comp. Bd. of Rev.*, 967 A.2d 432, 437 (Pa. Cmwlth. 2009) (en banc).

Our Supreme Court interpreted the requirements of Rule 1514(a) in *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364 (Pa. 1984).  That case involved a claimant who petitioned for review from an order denying unemployment compensation benefits. *Id.* at 365.  The claimant mailed a petition for review through his attorney's secretary on September 15, 1982, via USPS mail. *Id.* at 366.  The last day of the appeal period was Friday, September 17, 1982, but this Court did not receive the claimant's petition for review until Monday, September 20, 1982. *Id.* Significantly, "[b]ecause the secretary did not mail the petition until after 5:00 P.M. . . . , she could not obtain a postal form 3817 or have the certified mail form date-stamped." *Id.*

This Court quashed the appeal as untimely, and our Supreme Court reversed. *Miller*, 476 A.2d at 366-67.  The Supreme Court acknowledged appeal deadlines are jurisdictional but explained technical noncompliance with the rules regarding timely mailing should not defeat an appeal "if timeliness can be determined by reference to the internal records of the court, and petitioner's counsel can bring the relevant facts and records which show timeliness to the court's attention, without the necessity of an evidentiary hearing." *Miller*, 476 A.2d at 365.  The Supreme Court reasoned:

---

[5] Internal Operating Procedure 211 was amended effective April 26, 2025, and now provides that the date of receipt or earlier date of deposit in the United States mail will be preserved as the date of filing.  It also provides USPS forms that may be used to establish the date of deposit.

[I]n order to be docketed [on Monday, September 20th,] it appears the petition must have been at the main Harrisburg Post Office on or before Friday, September 17th. All mailings to Commonwealth Court first go to the main post office in Harrisburg. They are then transferred to the court's post office box at a second post office in Harrisburg where they are picked up by a court employee. Because the second post office is closed Saturdays and Sundays, [the claimant's] petition could not have been transferred on the 18th or 19th of September, and in order to be present at the second post office on Monday morning when the court picked up its mail, it must have been transferred before 9:20 A.M. Monday the 20th when the court employee signed for [the claimant's] petition, or it had to have been transferred there before the weekend.

[The claimant's] attorney, in a letter to the Prothonotary of Commonwealth Court, offered an affidavit of mailing and the receipt for certified mail prepared by his secretary as evidence that the petition was mailed on the 15th. He also notified the Prothonotary of Commonwealth Court of his investigation of the route the petition took through the mails and its presence in Harrisburg on the 17th. . . .

*Id.* at 366. Additionally, our Supreme Court explained that "[t]he extreme action of dismissal[6] should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." *Id.* at 367 (quoting *Stout v. Universal Underwriters Ins. Co.,* 421 A.2d 1047, 1049 (Pa. 1980)). The claimant substantially complied with the 30-day appeal period, the Supreme Court reasoned, because it was "manifest" that he timely mailed his petition for review.[7] *Id.*

Likewise, we conclude Pelletier substantially complied by mailing her initial communication within the 30-day appeal period. Because the Board mailed its order

---

[6] In *Miller*, our Supreme Court referred to "dismiss[ing]" the petition for review. *See* 476 A.2d at 365-67. The Supreme Court has more recently noted that "[q]uashal is usually appropriate where . . . the appeal was untimely." *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001); *see also In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007).

[7] *See also Mitchell v. State Civ. Serv. Comm'n*, 986 A.2d 807 (Pa. 2009) (per curiam order appearing to extend *Miller* to any petition for review received in the mail one day after the deadline).

6

on November 14, 2022, the last day to timely file a petition for review was December 14, 2022. Pelletier's initial communication arrived at this Court via USPS mail only one business day after the deadline, on December 15, 2022, and we infer Pelletier mailed her initial communication at least one business day before it arrived. Accordingly, based on the Court's internal records, it is "manifest" that Pelletier timely mailed her initial communication.[8] *See Miller*, 476 A.2d at 365-67.

## CONCLUSION

Applying our Supreme Court's holding in *Miller*, we conclude that when this Court receives a petition for review or written communication evidencing an intention to appeal via USPS mail only one business day after the appeal period has expired, the petition for review or written communication has been timely filed in substantial compliance with the Pennsylvania Rules of Appellate Procedure.[9]

---

[8] We note Pelletier's initial communication arrived in an envelope with a USPS postage paid label dated December 13, 2022, which is further evidence she mailed her initial communication on time. However, we would reach the same result if the label were absent or illegible.

[9] The concurring and dissenting opinion misconstrues our holding, contending we would quash an appeal filed two days after the appeal deadline if the written communication arrived in an envelope with a USPS postmark or postage paid label dated within the appeal period. *See Pelletier v. Unemployment Comp. Bd. of Rev.*, ___ A.3d ___ (Pa. Cmwlth., No. 1615 C.D. 2022, filed Aug. 25, 2025) (en banc), slip op. at 6 (Covey, J., concurring and dissenting). This opinion says nothing of the sort. Rather, we hold Pelletier's appeal is timely based on the date we received her initial communication, and we do not reach the question of whether the Court may rely on a postmark or postage paid label. This Court routinely declines to address issues that the parties have raised and briefed when reaching those issues is unnecessary to our disposition. *See, e.g., St. Elmo Dev., LLC v. Zoning Hearing Bd. of City of Allentown*, 320 A.3d 783, 790 n.10 (Pa. Cmwlth. 2024). We note, however, that the concurring and dissenting opinion's proposal does no more to promote "equal access to justice" than our own, *see id.,* slip op. at 6-7, in that it requires the Court to rely on the USPS, a third party, when determining the timeliness of appeals and could result in inconsistencies if a postmark or postage paid label is missing or illegible, or if it is difficult to discern whether something is an official and reliable USPS postmark or postage paid label. Our holding in this matter promotes equal access to justice by treating all petitioners the same whenever this Court receives a written communication or petition for review via USPS mail one business day after the deadline. In this regard, it is important to emphasize our holding applies to *pro se* and represented petitioners, contrary to the concurring and dissenting opinion's focus on only *pro se* written communications. Our holding is also more consistent with *Miller*, in which the Supreme Court

Therefore, we deny the Board's motion to quash.

_____
STACY WALLACE, Judge

---

concluded a petition for review received one business day after the deadline was timely through a process of deduction. The Supreme Court could have approved the use of postmarks and postage paid labels under these circumstances, either in its case law or in the Pennsylvania Rules of Appellate Procedure, but it has not.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Desiree Pelletier, : 
                  Petitioner : 
                           : 
        v. : No. 1615 C.D. 2022 
                           : 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

# **O R D E R**

**AND NOW**, this 25th day of August 2025, the application for relief in the form of a motion to quash filed by the Unemployment Compensation Board of Review on May 22, 2023, is **DENIED**. The Prothonotary is directed to issue a briefing schedule on the merits of the appeal.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Desiree Pelletier,                                  :
                            Petitioner             :
                                                    :
            v.                                      :
                                                    :
Unemployment Compensation                           :
Board of Review,                                    :       No. 1615 C.D. 2022
                            Respondent             :       Argued: June 4, 2025


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MATTHEW S. WOLF, Judge


CONCURRING/DISSENTING OPINION
BY JUDGE COVEY                               FILED:  August 25, 2025


        I agree with the Majority's conclusion that pro se Petitioner, Desiree
Pelletier (Claimant), substantially complied with the Pennsylvania Rules of Appellate
Procedure (Rules) from which this Court can determine that she timely filed her written
communication evidencing an intention to appeal (initial communication) with this
Court from the Unemployment Compensation (UC) Board of Review's (UCBR)
November 14, 2022 order based on this Court's receipt of the initial communication
one business day after the appeal deadline.  Because I believe that where the mailing
date can be reliably established by a mailing envelope that includes a clearly
identifiable United States Postal Service (USPS) postage paid label which accompanies
a pro se initial communication, as herein, the mailing date can serve as the filing date,
even when the document is received by this Court after the expiration of the 30-day
appeal period, I respectfully dissent.  *See Miller v. Unemployment Comp. Bd. of Rev.*,
476 A.2d 364 (Pa. 1984).

This Court received Claimant's initial communication on December 15, 2022, and issued a notice directing her to file a petition for review within 30 days. Claimant timely complied. Thereafter, the UCBR filed a motion to quash Claimant's appeal, alleging therein that Claimant's appeal was untimely because this Court did not receive Claimant's initial communication until December 15, 2022, after the 30-day appeal period expired on December 14, 2022. The UCBR concedes that the envelope in which Claimant's initial communication arrived included a clearly identifiable USPS postmark dated December 13, 2022, but contends that the initial communication was untimely because Claimant did not provide a Certificate of Mailing or any other form that could verify the date of deposit in the mail. According to the UCBR, Claimant has not demonstrated that she is entitled to *nunc pro tunc* relief, and considering her initial communication to be timely filed without the required USPS form or, at the very least, some sort of evidence showing why such a form was not available, or that could serve as the functional equivalent of the required form, would impermissibly expand the appeal period from 30 days to 31 days.

Amicus Curiae, Philadelphia Legal Assistance (PLA), asserts that pro se initial communications will often have a paper trail that allows the court to discern whether the appeal was mailed prior to the appeal deadline. The PLA emphasizes that in the instant case, the appeal was due December 14, 2022, the initial communication was accompanied by an envelope with a clearly identifiable USPS postmark date of December 13, 2022, and the Prothonotary stamped it received on December 15, 2022, one day after it was due. Thus, the PLA maintains that this paper trail should be sufficient evidence of substantial compliance with Section 211 of this Court's Internal Operating Procedures (IOP), 210 Pa. Code § 69.211.

In *Miller*, the Pennsylvania Supreme Court explained:

> [T]he "just, speedy and inexpensive determination" of matters before all our courts, trial and appellate, requires the

orderly management of dockets and the timely filing of all relevant papers. Provision must also be made for determining when the timeliness requirements have been met. **It must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court**. It would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.

Those same rules, however, are to be "liberally construed." [Rule 105(a),] Pa.R.A.P. 105(a); [Pennsylvania Rule of Civil Procedure 126,] Pa.R.C[iv].P. 126. [Our Supreme Court] ha[s] long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the [UC Law[1]] are involved. [*See*] *Unemployment Comp*[.] [*Bd.*] *of Rev*[.] *v. Jolliffe*, . . . 379 A.2d 109 ([Pa.] 1977); *Lattanzio v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], . . . 336 A.2d 595 ([Pa.] 1975). **Dismissals are particularly disfavored**. "The extreme action of dismissal should be imposed by an appellate court sparingly**, and clearly would be inappropriate when there has been substantial compliance with the rules** and when the moving party has suffered no prejudice." *Stout v. Universal Underwriters Ins*[.] *Co.*, . . . 421 A.2d 1047, 1049 ([Pa.] 1980) (Rules . . . .); [*s*]*ee also In Re Tax Claim Bureau, German* [*Twp.*]*, Mt. Sterling 54½ Acres, Miscellaneous B*[*ldgs.*], . . . 436 A.2d 144 ([Pa.] 1981) (Rules of Civil Procedure).

*Miller*, 476 A.2d at 366-67 (emphasis added; footnote omitted).

The *Miller* Court concluded:

[The Pennsylvania Supreme Court] do[es] not condone untimeliness. In cases such as this, however, **where the record shows clearly and without dispute that a petition for review was timely mailed prior to the 30-day jurisdictional deadline**, where counsel for the appellant apprises the court of the record in that respect and **timeliness**

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

**can be determined from an examination of the records of the court**, a fair and just interpretation of our rules makes a dismissal improper.

*Id.* at 367 (emphasis added). Accordingly, our Supreme Court ruled the appeal to be timely filed because the petitioner substantially complied with Rule 1514 (relating to the filing of petitions for review).

Initial communications are governed by Section 211 of this Court's IOPs, which currently includes the identical requirements as Rule 1514 for determining timeliness.[2] However, at the time Claimant mailed her initial communication, Section 211 of this Court's IOPs did not mirror Rule 1514, which was the applicable Rule under

---

[2] Rule 1514(a)(2) provides:

> If the petition for review is filed by first class, express, or priority [USPS] mail, the petition shall be deemed received by the prothonotary for the purposes of [Rule 121(a),] Pa.R.A.P. 121(a)[,] on the date deposited in the United States mail, as shown on a [USPS] Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar [USPS] form from which the date of deposit can be verified. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the petition or separately mailed to the prothonotary.

Pa.R.A.P. 1514(a)(2). Section 211(b) of this Court's IOPs provides:

> If the communication is sent by first class, express, or priority [USPS] mail, the communication shall be deemed received by the Prothonotary for the purposes of [Rule] 121(a) on the date deposited in the United States mail, as shown on a [USPS] Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar [USPS] form from which the date of deposit can be verified. The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service and shall show the docket number of the matter in the government unit, and shall be either enclosed with the communication or separately mailed to the Prothonotary.

210 Pa. Code § 69.211(b).

*Miller*.[3]   Notwithstanding, the USPS postage paid label on the envelope that accompanied Claimant's initial communication "shows clearly and without dispute that [her] [initial communication] was timely mailed prior to the 30-day jurisdictional deadline[.]"   *Id.*   Accordingly, said USPS postage paid label should constitute substantial compliance with Section 211 of this Court's IOPs.[4]

---

[3] At the time Claimant mailed her initial communication, Section 211 of this Court's IOPs provided in its entirety:

> When the Prothonotary receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the Prothonotary shall time-stamp the written communication with the date of receipt. The Prothonotary shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the Prothonotary's letter. If the party fails to file a fully conforming petition for review within that period, the Prothonotary shall advise the party by letter that the Court will take no further action in the matter.

*Former* 210 Pa. Code § 69.211.

[4] Significantly, the UCBR's Regulations allow for the filing date of an appeal from a Department of Labor and Industry (Department) determination to be established by either the date of the official USPS postmark on the envelope containing the appeal, or the date of a postage meter mark on the envelope containing the appeal. *See* Section 101.82 of the UCBR's Regulations, 34 Pa. Code § 101.82. Specifically, Section 101.82(b) of the UCBR's Regulations instructs:

> A party may file a written appeal by any of the following methods:
>
> (1) *United States mail.* The filing date will be determined as follows:
>
> (i) **The date of the official [USPS] postmark on the envelope containing the appeal**, a [USPS] Form 3817 (Certificate of Mailing) or a [USPS] certified mail receipt.
>
> (ii) If there is no official [USPS] postmark, [USPS] Form 3817 or [USPS] certified mail receipt, **the date of a postage meter mark on the envelope containing the appeal**.
>
> (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the

Nevertheless, the Majority states: "[Claimant's] initial communication arrived at this Court via USPS only one business day after the deadline, on December 15, 2022, and we infer [Claimant] mailed her initial communication at least one business day before it arrived." *Pelletier v. Unemployment Comp. Bd. of Rev.*, ___ A.3d ___, ___ (Pa. Cmwlth. No. 1615 C.D. 2022, filed August 25, 2025), slip op. at 7. While the Majority declares that it *infers* when Claimant mailed her initial communication, in a footnote the Majority notes that "[Claimant's] initial communication arrived in an envelope with a USPS postage paid label dated December 13, 2022, *which is further evidence* she mailed her initial communication on time. However, we would reach the same result if the label were absent or illegible." *Id.*, slip op. at 7 n.8 (emphasis added). The Majority continued, holding, "we conclude that when this Court receives in the mail a petition for review or [initial] communication evidencing an intention to appeal via USPS mail only one business day after the appeal period has expired, that the petition for review or [initial] communication has been timely filed in substantial compliance with the [Rules]." *Id.*, slip op. at 7.

Given the Majority's holding, should the UCBR file a motion to quash an appeal in a future case where the Court received the petition for review or initial communication two days after the appeal deadline, it would grant the motion to quash, notwithstanding that the claimant's initial communication came in an envelope with a clearly identifiable USPS postmark or a USPS postage paid label dated a day or more before the appeal deadline. Such an incongruent result is contrary to equal access to

---

Department, the workforce investment office or the [UCBR] when it receives the appeal.

34 Pa. Code § 101.82 (bold emphasis added). Accordingly, prior to a claimant's appeal to this Court, the UCBR had determined the timeliness of a claimant's appeal at the agency level using, *inter alia*, the date of the official USPS postmark or the date of the postage meter mark on the envelope containing the appeal.

AEC - 6

justice, the Pennsylvania Supreme Court's pronouncements in *Miller* that "[d]ismissals are particularly disfavored[,] '[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and [dismissals] clearly would be inappropriate when there has been substantial compliance with the [R]ules[,]'" as well as the remedial nature of the UC Law. *Miller*, 476 A.2d at 366-67 (quoting *Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047, 1049 (Pa. 1980)). As the PLA argued at oral argument, two pro se claimants could mail their initial communications on the same date and one could arrive at the Prothonotary's office the next day, while the other could arrive a week or two later and only the one received a day late would be considered timely.

In response to the Dissent, the Majority maintains that its holding would not lead to such a result because it did "not reach the question of whether the court may rely on a postmark." *Pelletier*, slip op. at 7 n.9. However, given the facts of the current case and its companion cases, *Baabal v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 441 C.D. 2023, filed August 25, 2025) and *Evans v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 675 C.D. 2023, filed August 25, 2025), and the arguments presented by PLA in all three cases, the fact that the Majority specifically declined to address the issue, notwithstanding that the issue was squarely before this Court, does indeed result in the USPS postmark or postage paid label not being considered in a timeliness determination based on sufficient compliance with the Rules hereafter.

The factual scenario referenced above is illustrated by *Baabal* and *Evans*. In the instant case, as evidenced by the clearly identifiable USPS postage paid label, Claimant mailed her initial communication on December 13, 2022, and it arrived at the Court on December 15, 2022. However, in *Baabal*, as evidenced by the clearly identifiable USPS postmark, the claimant's sister mailed claimant's initial communication on March 13, 2023, yet it did not arrive at the Court until March 20,

2023.  In *Evans*, as evidenced by the clearly identifiable USPS postage paid label, the claimant mailed her initial communication on June 1, 2023; however, it did not arrive at the Court until June 6, 2023.  While one initial communication was mailed one day before the appeal deadline, another initial communication was mailed four business days before the appeal deadline, and yet, another initial communication was mailed two business days before the appeal deadline, all three initial communications arrived one day after the appeal deadline.[5]

I agree with the PLA that when evaluating the timeliness of an appeal filed by a UC claimant, the fair and just interpretation of substantial compliance with Section 211 of this Court's IOPs is where **the mailing date can be reliably established by a mailing envelope that includes a clearly identifiable USPS postmark or a USPS postage paid label**, **the mailing date should serve as the filing date**, **even when the document is received by this Court after the expiration of the 30-day appeal period**.  Accordingly, in addition to treating a pro se claimant's initial communication received one day after the deadline as timely, a pro se claimant's initial communication accompanied by an envelope with a clearly identifiable USPS postmark or a USPS postage paid label dated before the appeal deadline, as herein, should be treated as timely.

For all of the above reasons, I respectfully dissent.

_____
ANNE E. COVEY, Judge

President Judge Cohn-Jubelirer and Judge Dumas join in this Concurring/Dissenting Opinion.

---

[5] This Court references business days in *Baabal* and *Evans* because there was a weekend between the date the initial communications were mailed and the appeal deadlines.